**Martsay L. BOLDER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 31594.**

Missouri Court of Appeals,
Western District.

March 2, 1981.

Peter N. Sterling, Acting Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for movant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, Catheryn B. Starke, Asst. Atty. Gen., Kansas City, for respondent.

Before MANFORD, P. J., and DIXON and NUGENT, JJ.

DIXON, Judge.

Movant appeals the denial of his third motion for relief under Rule 27.26.

Movant asserts counsel was ineffective for failing to assert a motion for mistrial during the state's opening statement and by failing to object when a witness claimed his fifth amendment privilege on the stand.

During movant's trial, the state in opening remarks referred to a witness' testimony who was a companion of the movant and witnessed the crime. The testimony expected from this witness was outlined. When the witness was called to the stand, the witness claimed his privilege against incrimination and did not testify as the state had outlined his testimony in the opening remarks.

The trial transcript reveals that the witness had testified before a grand jury and had on the morning of trial discussed his testimony with the prosecutor. The witness' grandfather, with whom the 16-year-old witness lived, was present at the conference with the prosecutor. The witness had been interrogated on other occasions and had not claimed the privilege. It further

appeared that the witness had claimed the fifth amendment privilege in an earlier juvenile court proceeding against the witness.

The movant's point states that there was ineffectiveness of trial counsel in failing to request a mistrial when the state outlined the witness' testimony *and* when the witness claimed the privilege before the jury.

No authority is offered for the first branch of the argument. It is merely asserted that it was prejudicial to the movant to have the witness' testimony outlined and then have the assertion of the privilege "support" the "testimony" as outlined.

■ Placing this portion of the claim in context at the trial level, such a motion at the time of the opening statement would have been unavailing. The only claim that could have been made would have been that the prosecutor was acting in bad faith in outlining the testimony of the witness. No such claim could have been sustained on the basis of the record presented.

On the second part of the point, the movant argues that trial counsel was ineffective for failing to move for a mistrial when the witness invoked the privilege from the witness stand. The argument is based solely on *State v. Wright*, 582 S.W.2d 275 (Mo. banc 1979). *Wright* was decided five years after movant's trial and condemns such procedure when it is followed solely to place before the jury the unfavorable inference arising from the witness claiming the right to silence. *Wright* requires knowledge on the part of the state that the witness is likely not to testify, a circumstance which may be very doubtful on these facts. Assuming arguendo that *Wright* would have applied to these facts, the movant's claim must still fail.

■ Although a change in *substantive law* may permit the filing of a successive Rule 27.26 motion, *Meeks v. State*, 512 S.W.2d 215 (Mo.App.1974), such a change does not render counsel ineffective in failing to predict the change and assert the theory of the change in the law in the face of settled authority. Ineffectiveness of counsel is measured upon the circumstances

and the law at the time of trial. *Maggard v. State*, 471 S.W.2d 161 (Mo.1971). Ineffectiveness of counsel cannot be predicated on a failure to predict a change in the law. *State v. Johnson*, 485 S.W.2d 106 (Mo.1972); *Benson v. State*, 611 S.W.2d 538 (Mo.App. 1980).

The judgment of the trial court is affirmed.

All concur.