STATE of Missouri, Respondent,

v.

William SELTZER, Appellant.

No. 43757.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 27, 1981.

Motion for Rehearing and/or Transfer
Denied Nov. 20, 1981.

Application to Transfer Denied
Jan. 18, 1982.

Kenneth R. Singer, Justin Meehan, St. Louis, for appellant.

George A. Peach, Circuit Atty., James Steitz, St. Louis, John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

The state charged defendant William Seltzer as a persistent offender with feloniously receiving a stolen car. Section 570.-080 V.A.M.S. The jury found him guilty. It assessed punishment at three years in prison; the trial court sentenced him to twelve years to run concurrently with sentences in a prior case.

Defendant here contends (1) the cited statute is so ambiguous it fails to bar further prosecution, (2) the evidence showed he had stolen rather than received the car and (3) error in instructing the jury the court could not impose a sentence greater than the term the jury assessed. These in turn.

The state's evidence: St. Louis police made this and other prosecutions possible by a sub-rosa operation called the Sting. Out-of-uniform police posed as operators of a "fence"; they held themselves out as buyers of stolen goods. Unknown to the sellers police had hidden instruments picturing and recording their deals with sellers including defendant.

About noon on June 25, 1979 detective Richard Sisco working at the Sting office got a phone call from defendant; he said he had a Pontiac for sale for $400; defendant then brought in the car and sold it for $200. A video tape of this was played for the jury, defendant telling officer Sisco he had stolen the Pontiac from an airport rental agency; that the car was unlocked and he had driven it away.

Over objection officer Sisco also testified defendant often came into the Sting office and thirteen times in 1979 had sold them stolen cars.

■ Defendant's first point here challenges the state's amended information based on Section 570.080 V.A.M.S., Receiving Stolen Property, defined as knowingly receiving or disposing of another's property. He contends he was subjected to double jeopardy because Section 570.010(11) V.A.M.S. defines "Receiving" as acquiring possession or control of stolen property. The state's information here charged defendant only with knowingly receiving—not with disposing of—stolen property. We cannot conceive of a valid second prosecution under Section 570.010(11).

■ We deny defendant's initial point and go to his second complaint. He there contends the state erred in charging he had received stolen property when the evidence showed it was defendant who stole the automobile. Not so. The only direct evidence of defendant's offense came from two state's witnesses Nancy Frockewicz, Hertz's office manager at Lambert Field who testified Hertz owned the stolen car and police detective Sisco who testified only

that defendant possessed and sold the stolen car. That was proof defendant, as charged, had received a stolen car. There was no direct evidence it was defendant who stole the car—only his own oral statement related by Sisco that he had done so—and that was not binding on the state. So the court did not err in submitting the state's case on the direct evidence defendant had received stolen property. We deny defendant's second point.

■ Defendant also claims error in giving MAI–CR 2d 2.60 telling the jury the term of imprisonment it assesses cannot be increased by the court's judgment. In *State v. Hunter*, 586 S.W.2d 345 (Mo.banc 1979), the court rejected that contention where sentence in excess of the verdict was imposed under the second offender act, Section 558.016 RSMo.1979. So it is here. See also *State v. Johnson*, 615 S.W.2d 450 (Mo. App.1981).

Judgment affirmed.

REINHARD, P. J., and CRIST and SNYDER, JJ., concur.