**Howard B. POLLARD, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD32261.**

Missouri Court of Appeals,
Western District.

Jan. 5, 1982.

Douglas Abele, Boonville, for appellant.

John Ashcroft, Atty. Gen., Kirk Lohman, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P. J., and SHANGLER and WASSERSTROM, JJ.

WASSERSTROM, Judge.

Pollard was convicted on jury trial in April 1978 under three separate counts charging rape, sodomy and armed criminal action respectively. That conviction was affirmed on direct appeal to this court. Thereafter Pollard filed a motion to set aside the convictions under Rule 27.26. The trial court did set aside the conviction and sentence for armed criminal action, but otherwise overruled the motion. From that ruling, Pollard pursues the present appeal.

His points on appeal fairly summarized are: (1) that his trial counsel rendered ineffective assistance in that he did not object to the joinder of the three counts in the information nor did he file a motion to require the state to elect between counts;

(2) that trial counsel rendered ineffective assistance in that he did not object to the inclusion in the information of a count on armed criminal action, thereby subjecting Pollard to double jeopardy; and (3) that trial counsel rendered ineffective assistance in that he did not object to the scope of cross-examination to which Pollard was subjected by the prosecuting attorney. Points 1 and 2 can be most conveniently discussed together. Pollard's Point 3 will be discussed separately.

## I.

 Pollard's contention concerning misjoinder rests upon his misreading of Rule 24.04 which was in effect at the time of trial (now Rule 23.05[b]). That rule stated: "all offenses which are based on the same act or on two or more acts which are part of the same transaction or on two or more acts or transactions which constitute parts of a common scheme or plan may be charged in the same indictment or information in separate counts, or in the same count when authorized by statute...." Pollard claims that this rule permits joinder only "when authorized by statute." In making that argument, he ignores the comma which appears immediately after the words "separate counts." The rule plainly meant and still means that offenses constituting parts of a common scheme may be joined in an information under separate counts, whether or not specially authorized by statute. It is only when the prosecution undertakes to state more than one offense in the *same count* that the rule requires that such inclusion must be specially authorized by statute. Pollard's objection on this score is therefore overruled.

His more fundamental objection, which goes to both the information and the jury instructions, is based on the question of double jeopardy. The Missouri Supreme Court has declared that a conviction for armed criminal action and also for the underlying felony violates the constitutional protection against double jeopardy. *Sours v. State*, 593 S.W.2d 208 (Mo.banc 1980); *Sours v. State*, 603 S.W.2d 592 (Mo.banc

1980); *State v. Haggard*, 619 S.W.2d 44 (Mo.banc 1981). However, the first declaration of that principle in Sours I did not occur until 1980, subsequent to the trial and imposition of sentence in the present case. At the time of Pollard's trial, conviction for both armed criminal action and also the underlying felony was considered to be proper. *State v. Treadway*, 558 S.W.2d 646 (Mo.banc 1977).

 An objection based on double jeopardy by Pollard's trial counsel could not have succeeded under the law then existing. An attorney will not be branded as ineffective for failing to file a motion which would have been doomed to failure. *Dayton v. State*, 608 S.W.2d 490 (Mo.App.1981). Nor may an attorney be held to have been ineffective because of his failure to predict a change in the law. *Dayton v. State, supra; Bolder v. State*, 613 S.W.2d 196 (Mo.App. 1981); *Larrabee v. State*, 616 S.W.2d 542 (Mo.App.1981); *Benson v. State*, 611 S.W.2d 538 (Mo.App.1981).

Moreover, on the 27.26 motion the circuit court has set aside the conviction for armed criminal action. That ruling completely remedied the violation of double jeopardy. That remedy has been the one consistently used by the Missouri Supreme Court. *Sours* and *Haggard, supra.*

The trial court found that "the combined trial of the Movant for the crimes of Rape, Sodomy and Armed Criminal Action, as alleged in Counts I, II, and III of the Information, did not prejudice the rights of the Defendant during said trial ... The evidence shows that Movant's counsel used the customary skill and deligence [sic] that a reasonably prudent attorney would use at the time of the cause, under then existing case law, when he failed to raise the double jeopardy issue with regard to the offense of Armed Criminal Action." That ruling was not clearly erroneous and must therefore be affirmed. Rule 27.26(j).

## II.

Pollard took the stand in his own defense and on direct examination admitted that he had been sentenced for certain prior crimes.

On cross-examination, the prosecuting attorney devoted much attention to those prior convictions. In addition to asking questions about the number and nature of the prior convictions, he went into considerable detail about related facts, particularly the use of alcohol before and during the criminal activity, the establishment of a pattern of criminal activity while drinking, and violations of probation including the consumption of intoxicating beverages. No objection was made to that cross-examination, and Pollard now cites that lack of objection as ineffective assistance by a trial counsel.

■■ The cross-examination in question was objectionable. *State v. Newman*, 568 S.W.2d 276 (Mo.App.1978); *State v. Williamson*, 584 S.W.2d 628 (Mo.App.1979). However, Pollard's trial counsel testified on the 27.26 hearing to the effect that he did not object as a matter of trial strategy, for the reason that he believed the prosecutor's cross-examination to be heavy handed and would result in greater benefit than harm to the defense. Defense counsel has broad latitude in conducting a defense and cannot be adjudged incompetent because of trial strategy which does not produce an acquittal. To find ineffective assistance, the action of trial counsel in failing to object must go beyond an error or mistake in trial strategy or judgment and must be of such character as to result in a substantial deprivation of the right to a fair trial. *Nelson v. State*, 537 S.W.2d 689 (Mo.App.1976); *State v. Hobbs*, 612 S.W.2d 387 (Mo.App.1981); *Webb v. State*, 589 S.W.2d 89 (Mo.App. 1979); *Brewster v. State*, 577 S.W.2d 911 (Mo.App.1979).

In this case the trial court found that "Movant's attorney used reasonable judgment and trial strategy during the cross-examination of the Movant by the State." That finding was not clearly erroneous and therefore must be affirmed. Rule 27.26(j).

There being no error, the judgment is affirmed.

All concur.