**David O. BATTLE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 47158.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 5, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1984.

Application to Transfer Denied
Sept. 11, 1984.

---

Dorothy Hirzy, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Jefferson City, for respondent.

DOWD, Chief Judge.

Movant David Battle was convicted of two counts of assault in the first degree § 565.050 RSMo 1978 and sentenced to two consecutive fifteen-year terms. His conviction was upheld on direct appeal in *State v. Battle*, 625 S.W.2d 252 (Mo.App.1981). In the trial court, movant sought to vacate the sentences pursuant to Rule 27.26, basically on two grounds: (1) He had ineffective assistance of counsel at his original trial and (2) that the court erred in finding him competent to stand trial. After an evidentiary hearing, the court denied movant relief. He now appeals.

In this appeal our review is limited to determining whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.26(j); *Phillips v. State*, 639 S.W.2d 270, 272 (Mo.App. 1982).

Movant's first contention is that the trial court erred in failing to find that he was denied effective assistance of counsel since his attorney failed to investigate his hospitalization for mental illness related to alcohol problems. In order to establish ineffective assistance, movant must show he was prejudiced by his counsel's failure to meet the "reasonably competent attor-

ney" standard set forth in *Seales v. State*, 580 S.W.2d 733, 735 (Mo.banc 1979); *Love v. Missouri*, 670 S.W.2d 499 (Mo.banc 1984).

 We find movant did not sustain his burden. The testimony at the evidentiary hearing revealed that movant told his counsel of an alcohol problem that had required hospitalization. At no time, however, was his attorney informed of any prior mental condition or treatment. In fact, the record reveals counsel discussed the possibility and ramifications of an insanity plea with movant. Counsel need not be clairvoyant to be effective and cannot be held responsible for failing to act on information he was not privy to at the time of trial. *Boyet v. Missouri*, 671 S.W.2d 417 (Mo.App.1984). Point denied.

Finally, movant argues that the trial court erred in finding him competent to stand trial. This point is also denied. First we note that the question of defendant's competence is one of fact for the trial court. *Pulliam v. State*, 480 S.W.2d 896, 904 (Mo.1972). Secondly, we find movant's own testimony and actions refute any claim of incompetency. A person is not competent to stand trial if he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense. *Gentile v. State*, 637 S.W.2d 30, 33 (Mo.App.1982); *Drope v. Missouri*, 420 U.S. 162, 171, 95 S.Ct. 896, 903, 43 L.Ed.2d 103 (1975). The record reveals movant testified that he generally understood what was going on at trial concerning the examination of witnesses and that it was his decision to go to trial knowing he had been charged with two counts of assault. Moreover, movant took notes during trial, discussed the proceedings with his counsel, and gave his complete story to the jury. Again, movant's own demeanor and actions gave no indications he was unfit to proceed or unable to assist his counsel at trial. Based on the record before us, we find the

trial court's ruling was not clearly erroneous.

The judgment is affirmed.

REINHARD, P.J., and CRIST, J., concur.