William **SELTZER**, Movant-Appellant,

v.

**STATE of Missouri,**
**Respondent-Respondent.**

No. 50668.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 17, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 23, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Linda Vespereny, Public Defender, St. Louis, for movant-appellant.

John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

On May 28, 1980, movant was convicted by a jury of two counts of stealing a motor vehicle; the jury assessed punishment of three years' imprisonment on each count. Movant was also convicted of receiving stolen property over $150.00 on July 24, 1980, for which the jury assessed punishment at three years. On November 21, 1980, the trial court held a persistent offender hearing and increased defendant's sentence to six years on each stealing count consecutively and a concurrent term of twelve years on receiving stolen property, pursuant to § 558.016, RSMo 1978. The convictions were affirmed by this court in *State v. Seltzer*, 629 S.W.2d 458 (Mo.App.1981); and *State v. Seltzer*, 629 S.W.2d 460 (Mo. App.1981).

On March 12, 1985, movant filed a *pro se* Rule 27.26 motion which was amended by the special public defender's office on July 31, 1985. Movant was denied an evidentiary hearing on his motion on August 14, 1985. The court then submitted findings of fact and conclusions of law stating: "movant-defendant's ... allegation that he was denied a fair trial because of comments of the prosecutor as to the jury assessing punishment is overruled. This matter is trial error, if anything, and not cognizable under Rule 27.26 proceedings." The court also found that all matters contained in movant's amended 27.26 motion were covered by the trial record, the record on appeal, and movant-defendant's application for writ of habeas corpus and; therefore, he was denied an evidentiary hearing.

Movant's sole point on appeal is that "the trial court clearly erred when it overruled [his] allegation that he was denied a fair trial because of the prosecutor's comments when the trial court failed to consider or even mention possible trial errors which are cognizable under Rule 27.26."

In order to be entitled to an evidentiary hearing, movant must allege facts,

not conclusions, warranting relief; those facts must not be refuted by the record; and the matters complained of must have resulted in prejudice. *Merritt v. State,* 650 S.W.2d 21, 22 (Mo.App.1983). In examining movant's Rule 27.26 motion and the trial court's conclusions, we find that movant's contentions evidence no facts resulting in prejudice. Furthermore, mere trial error is not reviewable in a Rule 27.26 proceeding. *Brager v. State,* 586 S.W.2d 397, 399 (Mo.App.1979).

■ Here, the prosecutor in his opening statement commented:

> I think the case is clear, and as the custom, you are the people from the community and you set the standards, and per se, you will set the amount of the punishment.

At the time movant was tried, MAI–CR2d 2.60 was an approved instruction.[1] It instructed the jury "that if [they] find the defendant guilty ... the court may, under the law, sentence the defendant to ... imprisonment for a term fixed by the court, but not to exceed the term assessed and declared by the jury in its verdict...." MAI–CR2d 2.60. In one of movant's direct appeals, we rejected his contention that the court erred by instructing the jury that the court could not increase the punishment assessed by the jury. In *State v. Seltzer,* 629 S.W.2d 460 (Mo.App.1981), we relied on the law in *State v. Hunter,* 586 S.W.2d 345 (Mo. banc 1979) which "rejected that contention where sentence in excess of the verdict was imposed under the second offender act, Section 558.016, RSMo 1979." *Seltzer,* 629 S.W.2d 458, 460. *See* also, *State v. Johnson,* 615 S.W.2d 450 (Mo.App. 1981).

The prosecutor's statement was not contrary to MAI–CR2d 2.60. Therefore, the court committed no error in denying an evidentiary hearing.

Judgment affirmed.

DOWD, P.J., and CRIST, J., concur.

1. MAI–CR2d 2.60 was withdrawn effective June 1, 1983.