**Roy E. SCOTT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 39098.**

Missouri Court of Appeals,
Western District.

Oct. 6, 1987.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 1, 1987.

Application to Transfer Denied
Jan. 20, 1988.

Sean D. O'Brien, Public Defender, Jo Ann Arnold, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before TURNAGE, P.J., and
BERREY and GAITAN, JJ.

GAITAN, Judge.

This appeal is from a final order which followed an evidentiary hearing pursuant to appellant's motion under Rule 27.26, V.A.M.R.   Appellant's motion sought to vacate his conviction and life sentence for robbery in the first degree (§ 560.120 RSMo.1969;   § 560.135 RSMo Supp.1975) which was imposed in June 1980.   The motion was denied.   We affirm.

The appellant's sole point is the ineffectiveness of trial counsel for failing to object to the State's use of its peremptory challenges to remove all of the blacks from the venire panel.   The appellant, citing *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), contends that the prosecution's use of its peremptory challenges in this fashion resulted in a denial of the appellant's "constitutional right to a fair trial under the Sixth Amendment and due process and equal protection clause of the Fourteenth Amendment to the United States Constitution".

However, the appellant's argument is without merit.   At the time of the appellant's trial in February of 1980, the State's use of its peremptory challenges to remove all of the potential black jurors in a particular case did not constitute a constitutional

violation of any type. The United States Supreme Court in *Swain v. Alabama,* 380 U.S. 202, 221, 85 S.Ct. 824, 836[16], 13 L.Ed.2d 759 (1965) required evidence of a pattern of exclusions over a period of time. It could not be proven by an individual case. *Swain* was the law of the land when appellant's case became final.

On April 30, 1986, the U.S. Supreme Court overruled the *Swain* decision, and held that a defendant may establish a *prima facie* case of purposeful discrimination in the selection of a petit jury solely on evidence concerning the prosecution's exercise of its peremptory challenges at the defendant's trial, and that the prosecution was constitutionally precluded from excluding veniremen from the petit jury solely on account of their race. *Batson v. Kentucky, supra,* 106 S.Ct. at 1722–1723[4].

The *Batson* decision was held to be retroactive with respect "to all cases, state or federal pending on direct review or not yet final" at the time *Batson* was decided. *Griffith v. Kentucky,* 479 U.S. ——, 107 S.Ct. 708, 716[2–3], 93 L.Ed.2d 649 (1987). *Batson,* however, has no retroactive application with respect to those cases which became final before April 30, 1986, the date of the *Batson* decision. *Allen v. Hardy,* 478 U.S. 255, 106 S.Ct. 2878, 2881[2], 92 L.Ed.2d 199 (1986).

A convicted defendant who attacks the adequacy of his attorney's representation must first show "that counsel's performance was deficient," *i.e.,* "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and then must show that this deficient performance "prejudiced the defense," *i.e.,* he must demonstrate "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674, (1984). A change in the law "does not render counsel ineffective in failing to predict the change and assert the theory of the change in the law in the face of settled authority." *Bolder v. State,* 613 S.W.2d 196, 197[2] (Mo.App.1981). Rather, "[i]neffectiveness of counsel is measured upon the circumstances and the law at the time

of trial," and "cannot be predicated on a failure to predict a change in the law." *Id.* "Counsel," it has been said, "need not be clairvoyant to be effective." *Battle v. State,* 674 S.W.2d 179, 181[4] (Mo.App. 1984).

The appellant has framed his argument in terms of ineffective assistance of counsel, and argues that Mr. Simon was ineffective in failing to raise this issue at trial or on direct appeal. However, as counsel noted at the evidentiary hearing, in February of 1980, when the appellant's trial occurred, *Swain v. Alabama* was the "law of the land", and any objection to the State's use of its peremptory challenges to remove black jurors would have been "a useless gesture".

It is well settled that counsel cannot be deemed ineffective for failing to make a nonmeritorious objection, *Shaw v. State,* 686 S.W.2d 513, 516[8] (Mo.App.1985), or for failing to file a motion which would have been doomed to failure. *Pollard v. State,* 627 S.W.2d 114, 116[4] (Mo.App. 1982).

The judgment of the trial court is affirmed.

All concur.