Edward LAWRENCE,
Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 53554.

Missouri Court of Appeals,
Eastern District,
Division One.

March 22, 1988.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 25, 1988.

Lisa K. Clover, Asst. Public Defender, Hillsboro, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

Movant was sentenced to consecutive sentences of life imprisonment without parole for fifty years for capital murder and life imprisonment for first-degree murder. We affirmed the convictions and sentences on direct appeal. *State v. Lawrence,* 700 S.W.2d 111 (Mo.App.1985).

In his amended Rule 27.26 motion, movant claimed he was afforded ineffective assistance of counsel at trial, asserting numerous allegations of counsel's failures in support of his claim. At the evidentiary hearing movant, his mother, and his trial counsel testified. The motion court issued findings of fact and conclusions of law and denied the motion.

On appeal movant first contends the court erred in finding he was not denied effective assistance of counsel. In his point relied on he vaguely asserts he "demonstrated by a preponderance of the evidence that he was denied effective assistance of counsel in that counsel failed to adequately investigate all lines of defense offered by [him]."

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915. The motion court is not required to believe the testimony of a movant or any other witness at a Rule 27.26 hearing, and an appellate court must

defer to the motion court's determination of credibility. The movant has the burden of proving his asserted grounds for relief by a preponderance of the evidence. *Armour v. State,* 741 S.W.2d 683, 688 (Mo.App. 1987).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

Without detailing the testimony of movant and his counsel, the record shows their testimony conflicted substantially on the issues raised in the motion. The court made extensive findings of fact regarding movant's allegations, accepting counsel's testimony. In relevant part the court found the following: counsel did not subpoena alibi witness Betty Buie, movant's girlfriend, because her story was inconsistent with that given by movant, because it was uncorroborated by other witnesses who refused to cooperate or could not be found, and because counsel's trial strategy was to present a defense of misidentification; counsel failed to depose Miss Buie to preserve her testimony because counsel was unaware of her life-threatening health problems and, in any case, did not intend to use her testimony at trial; counsel attempted to contact alleged alibi witnesses Felicia Longstreet, Veronica Trice, and Brenda Buie through Betty Buie, but Miss Longstreet could not be found and the other two witnesses refused to see counsel or to testify; counsel was not informed of three impeachment witnesses; counsel did not investigate a fourth impeachment witness because his testimony was duplicative to that of a witness the defense called at trial to impeach one of the state's witnesses, and movant suffered no prejudice because the witness would have only impeached the state's witness, not provided a defense, and because the state strongly rebutted the impeachment testimony at trial; counsel was not informed of Derrick Shaffer as a witness; counsel did not call movant's mother as a defense witness to testify concerning the car used in the crimes because the mother said she would not appear in court and testify; counsel interviewed but did not call police officer Epps to impeach state's witness Henry Buford because counsel determined Epps's testimony would not benefit movant and the better strategy would be to cross-examine Buford thoroughly; and counsel did not call or investigate in depth three eye-witnesses because police reports revealed their testimony would have harmed movant's case.

The selection of witnesses is a question of trial strategy, which is not a basis for finding ineffective assistance of counsel. *Sanders,* 738 S.W.2d at 858. Further, counsel need not be clairvoyant to be effective and cannot be held responsible for failing to act on information he was not given. *Battle v. State,* 674 S.W.2d 179, 181 (Mo.App.1984). Based on a review of movant's allegations and the record, we do not believe the motion court's findings and conclusions are clearly erroneous.

■ Movant also contends the court erred in failing to find his counsel ineffective because counsel failed to object and preserve for appeal the state's improper use of peremptory strikes to exclude blacks from the venire.[1]

This case was tried in July 1984. At that time, the controlling law regarding the un-

---

1. In his brief on appeal, movant clarifies his point further:

    [Movant] does not rely on *Batson* [*Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)] to support his claim of prejudice from the use of peremptory challenges by the State to systematically exclude blacks from a jury. [Movant] bases his claim of ineffective assistance of counsel on his at-

    torney's failure to preserve that issue. Regardless of the prevailing standard during [movant's] trial, counsel should have objected to the State's obvious purposeful discrimination during jury selection. Counsel's failure to preserve that issue prejudiced [movant] during the trial and the entire appellate process.

constitutional exclusion by the state of black jurors had been established in *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). Evidence of a pattern of exclusion of black jurors by the state over a period of time was required to show purposeful racial discrimination; it could not be proven by an individual case. *Swain,* 85 S.Ct. at 837–38. *Swain* was overruled on April 30, 1986, in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). In *Scott v. State,* 741 S.W.2d 692 (Mo.App.1987), the movant claimed his counsel was ineffective in failing to object to the state's use of its peremptory challenges to remove all blacks from the venire panel. The trial court denied his motion, and on appeal Judge Gaitan, writing for the court, stated

> A change of the law "does not render counsel ineffective in failing to predict the change and assert the theory of the change in the law in the face of settled authority." *Bolder v. State,* 613 S.W.2d 196, 197[2] (Mo.App.1981). Rather, "[i]neffectiveness of counsel is measured upon the circumstances and the law at the time of trial," and "cannot be predicated on a failure to predict a change in the law." *Id.* "Counsel," it has been said, "need not be clairvoyant to be effective". *Battle v. State,* 674 S.W.2d 179, 181[4] (Mo.App.1984).
>
> The [movant] has framed his argument in terms of ineffective assistance of counsel, and argues that [his counsel] was ineffective in failing to raise this issue at trial or on direct appeal. However, ... when the [movant's] trial occurred, *Swain v. Alabama* was the "law of the land", and any objection to the State's use of its peremptory challenges to remove black jurors would have been "a useless gesture."

> It is well settled that counsel cannot be deemed ineffective for failing to make a nonmeritorious objection, *Shaw v. State,* 686 S.W.2d 513, 516[8] (Mo.App.1985), or for failing to file a motion which would have been doomed to failure. *Pollard v. State,* 627 S.W.2d 114, 116[4] (Mo.App. 1982).

*Scott,* 741 S.W.2d at 693.

Under the circumstances of this case, we cannot hold counsel was ineffective in failing to object and preserve for appeal the state's use of peremptory challenges to exclude blacks from the venire.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.