Michael FELTON, Movant,

v.

STATE of Missouri, Respondent.

No. 53910.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 3, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 1, 1988.

Application to Transfer Denied
July 26, 1988.

Christine Taylor, Asst. Public Defender, Clayton, for movant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

---

PUDLOWSKI, Judge.

Movant appeals from the denial without an evidentiary hearing of his Rule 27.26 motion. We affirm.

Movant was convicted in 1976 of robbery and rape and sentenced to a total of twenty-five years imprisonment. We affirmed in *State v. Felton,* 579 S.W.2d 636 (Mo. App.1979). In his Rule 27.26 motion, movant alleges that his counsel was ineffective in failing to preserve alleged error in his trial for appeal.

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j). To prevail on an ineffective assistance of counsel claim, a movant must demonstrate that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant must establish both deficient performance and resulting prejudice to prevail on his claim of ineffective assistance of counsel. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987).

In movant's first point, he asserts that he is not seeking retroactive relief under the holding in *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), but rather simply alleging that his trial counsel was ineffective in failing to preserve the issue of whether the trial court allowed the state to systematically exclude blacks from the jury.

■ At the time of movant's trial in 1976, in the absence of evidence of a pattern of racial exclusion over a period of time, the state's use of its peremptory challenges to remove all of the potential black jurors in a particular case did not constitute proof of a constitutional violation. *See Swain v. Alabama,* 380 U.S. 202, 221, 85 S.Ct. 824, 836, 13 L.Ed.2d 759 (1965). On April 30, 1986, the U.S. Supreme Court issued the *Batson* decision, which constitutionally precluded the prosecution from excluding veniremen from the petit jury solely on account of their race. *Batson,* 106 S.Ct. at 1722–23. In *Griffith v. Kentucky,*

479 U.S. 314, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), *Batson* was held to be retroactive to cases pending on direct review or not yet final at the time *Batson* was decided. That is not the case here. Counsel is not required to be clairvoyant. *Battle v. State,* 674 S.W.2d 179, 181 (Mo.App.1984). Ineffective assistance of counsel is measured against the backdrop of the law at the time of trial and cannot be based on counsel's failure to anticipate changes in the law. *Scott v. State,* 741 S.W.2d 692, 693 (Mo. App.1987). Although movant asserts that he is not seeking retroactive relief under *Batson,* his argument circuitously arrives at that result. We have previously found this approach to be without merit. *Id.* See also *Lawrence v. State,* 750 S.W.2d 505 (Mo.App.1988).

Moreover, the motion court found: "Even if the issue were cognizable before this Court, movant has failed to present any evidence that the prosecutor used peremptory challenges to remove black venirepersons. Therefore, this claim is without merit."

■ Movant has failed to allege facts which would warrant relief. A conclusory statement that the state's attorney systematically excluded blacks from the jury panel does not entitle a movant to an evidentiary hearing or relief. *See Chapman v. State,* 720 S.W.2d 17, 18 (Mo.App.1986). Movant did not allege how many blacks were excluded from the panel or the circumstances surrounding the alleged exclusion. Furthermore, he did not provide a promised copy of the voir dire transcript. In order to be entitled to an evidentiary hearing on the issue of ineffective assistance of counsel, the movant must allege facts, not conclusions, warranting relief, those facts must not be refuted by the record, and the matters complained of must have resulted in prejudice to the movant. *Id.* Movant's point is without merit.

■ Movant also alleges that his counsel was ineffective for failing to object to evidence of other crimes. Once again movant is arguing that failure to preserve an issue for appeal demonstrates ineffective assistance of counsel. Contrary to movant's allegation, however, the evidence of which movant complains was introduced by his

own defense counsel. Surely movant is not claiming that his trial counsel should have objected to his own questions; therefore, we must assume that he is contending that his counsel was ineffective for injecting this evidence into his trial.

It is clear that the questions asked by movant's attorney were a matter of reasonable trial strategy. Movant was connected to the crimes with which he was charged, in part, because a stolen money order was cashed by a person who used movant's name and driver's license. The strategy used involved showing that because movant had been charged with leaving the scene of an accident, he did not have possession of his driver's license card on the day in question—with the implication that the person who allegedly had possession of it committed the crimes and cashed the money order.

Accordingly, it is clear that movant's allegation of ineffective assistance of counsel was refuted by the record. The motion court did not err in denying movant's motion.

Judgment affirmed.

STEPHAN, P.J., and DOWD, J., concur.