Stanley **BOYD**, Movant–Appellant,

v.

**STATE of Missouri,**
**Respondent–Respondent.**

**No. 53420.**

Missouri Court of Appeals,
Eastern District,
Division One.

May 24, 1988.

---

Gregg T. Hyder, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was convicted of capital murder and was sentenced to life imprisonment without possibility of parole for fifty years by the jury. On direct appeal we affirmed his conviction. *State v. Boyd*, 706 S.W.2d 461 (Mo.App.1986).

A pro se Rule 27.26 motion was filed by movant. In it he alleged nine instances of ineffective assistance of counsel and prosecutorial misconduct during the cross-examination of his mother. Counsel was appointed to represent him, and an amended motion was filed, which contained 10 allegations, of ineffective assistance of counsel and one claim the trial court abused its discretion in excusing for cause a juror. The amended motion purported to incorporate by reference movant's pro se motion. After a hearing, the motion court determined the amended motion failed to state a claim for which relief could be granted and denied movant an evidentiary hearing. The court issued detailed findings of fact and conclusions of law on the contentions raised in the amended motion, denying movant's motion.

In his sole point on appeal movant vaguely contends the court erred in denying him an evidentiary hearing on his motion because he stated sufficient facts to entitle him to relief either in his pro se motion, incorporated by reference into the amended motion or in his amended motion.

■ Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915. To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters

complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo.App.1987).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

The motion court stated in its findings it was disregarding the pro se motion and was ruling only on the grounds raised in the amended motion because it considered the amended motion filed by counsel the pleading on which to rule. *See Pool v. State*, 634 S.W.2d 564, 566 (Mo.App.1982). While we believe under the circumstances here the trial court properly considered only the amended motion, we have examined both the original and amended motions and find no basis for an evidentiary hearing.

■ Sixteen of movant's allegations of ineffective counsel concern the failure of counsel to object at trial to certain statements and questions of the prosecutor, certain testimony and evidence, and the trial court's response to a question of the jury. The failure to make an objection does not constitute ineffective assistance of counsel unless there has been a genuine deprivation of the right to a fair trial. *Smith v. State*, 714 S.W.2d 778, 780 (Mo.App.1986). Accepting movant's allegations as true, the record reveals movant was not deprived of a fair trial. Denial of these grounds was not clearly erroneous.

■ In his pro se motion movant alleges prosecutorial misconduct in cross-examining his mother, and in the amended motion he claims the trial court erred in excusing for cause a juror. These contentions could or should have been raised on direct appeal as matters concerning trial error and, thus, are matters not reviewable in a Rule 27.26 proceeding. *Seltzer v. State*, 714 S.W.2d 727, 729 (Mo.App.1986).

■ Movant asserts in his amended motion that his trial counsel was ineffective in failing to preserve for appeal the prosecutor's improper use of peremptory strikes to exclude blacks from the jury under *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Movant's counsel cannot be held ineffective for failing to preserve a *Batson* objection at movant's trial in 1984, well before the decision in *Batson* on April 30, 1986. *Lawrence v. State*, 750 S.W.2d 505, 506–07 (Mo.App.1988); *Scott v. State*, 741 S.W.2d 692, 693 (Mo.App.1987).

■ Finally, movant alleges ineffective assistance of counsel for failing to investigate or depose his co-defendants and a police officer. Assuming these allegations are true, he has failed to allege that the persons would testify in his behalf and that their testimony would have provided a viable defense. *Hogshooter v. State*, 681 S.W. 2d 20, 21 (Mo.App.1984). Therefore, he failed to state sufficient facts to entitle him to an evidentiary hearing.

The motion court did not clearly err in denying movant's motion without an evidentiary hearing.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.