**STATE of Missouri, Respondent,**

v.

**Martin R. MEYERS, Appellant.**

**No. WD 39805.**

Missouri Court of Appeals,
Western District.

March 21, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 2, 1989.

Application to Transfer Denied
June 13, 1989.

---

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for appellant.

Susan L. Hogan, Columbia, Joseph H. Locascio, Sp. Public Defender, Kansas City, for respondent.

Before FENNER, P.J., and SHANGLER and BERREY, JJ.

FENNER, Judge.

Appellant, Martin R. Meyers, appeals his convictions, after trial by jury, of assault in the second degree, armed criminal action, forcible rape and two counts forcible sodomy. Appellant's trial on the consolidated charges began on June 29, 1987, and ended when the jury returned its' verdicts on July 2, 1987. On August 27, 1987, the trial judge, the Honorable Glennon E. McFarland, imposed sentence in accordance with the jury's verdicts.

The appellant does not challenge the submissibility of the case and a recitation of the tragically inhumane and vicious acts of the appellant that support his conviction is not necessary for purposes of this appeal.

## I. IMPROPER BOLSTERING

In his first point on appeal, appellant argues the trial court erred in overruling his Motion for New Trial on the ground of improper enhancement and bolstering of the victim's testimony. This argument is premised on the fact that the state played for the jury a videotaped statement given to the police by the victim, an eight year old girl, when the incident was reported and additionally presented in-court testimony on the same facts. In support of his argument appellant cites *State v. Seever*, 733 S.W.2d 438 (Mo. banc 1987). In *Seever*, a videotaped statement of an eight year old victim was received in evidence and then the state called the victim to the stand and presented testimony duplicative in the videotaped statement. In *Seever*, the videotape was received pursuant to Section 492.304, RSMo 1986,[1] over objection on constitutional grounds as well as objection on the basis that the videotape improperly allowed the state to bolster the victim's testimony.

In *Seever*, the Missouri Supreme Court held that the trial court committed reversible error by not sustaining the defendant's objection to the videotape as improperly bolstering the victim's testimony given that the state first introduced the videotape and then called the victim to the stand where she gave testimony which was duplicative of her videotaped statement. Since the case was reversed on the basis of improper bolstering the court did not reach the issue of the constitutionality of Section 492.304, RSMo 1986.

Unlike in *Seever*, the appellant in the case at bar did not object to the introduction of the victim's videotaped statement except when the videotaped statement was being discussed prior to trial. Even then counsel's objection prior to trial, in the case at bar, was a limited objection, which went to the reliability of the videotaped statement to the extent that the victim's statements therein could be interpreted as indicating that the offense occurred on January 4, 1987. In this same discussion prior

to trial, appellant's counsel stated, "I have no problem. I think the statute [§ 492.304, RSMo 1986] would allow use of the videotaped statement and I'm not objecting to that." During the trial, when the state requested permission from the court to play the videotape to the jury, appellant's counsel stated, "No objection."

Missouri courts have held on numerous occasions that even in a situation where a motion to suppress is filed and overruled, and then, during trial, defense counsel states "no objection" to the admission of the evidence which was the subject of the earlier motion to suppress, the objection presented by way of the motion is waived. *State v. Holbert*, 416 S.W.2d 129, 133 (Mo. 1967); *State v. Starr*, 492 S.W.2d 795, 801 (Mo. banc 1973); *State v. Lassen*, 679 S.W. 2d 363, 368 (Mo.App.1984); *State v. Adams*, 552 S.W.2d 53, 54 (Mo.App.1977). In the case at bar appellant failed to object to the videotaped statement by way of motion to suppress or otherwise and by stating that he had no objection to the videotape, he not only failed to preserve the issue for review but additionally, he affirmatively waived the issue.

Appellant's first point is denied.

## II. CONSTITUTIONALITY OF SECTION 492.304, RSMO 1986

In his second point on appeal, appellant argues that Section 492.304, RSMo 1986, is unconstitutional as violating appellant's rights to confrontation. Section 492.-304, RSMo 1986, is the statute which allows the introduction of videotaped statements of children under twelve in certain circumstances.

For the reasons as discussed in appellant's first point on appeal, by stating that he had no objection to the admission of the videotape; appellant waived any objection that he might otherwise have to the videotape being admitted in evidence. In addition to the other cases cited in point I of this opinion, the decision of the Missouri Supreme Court in the case of *State v. Hol-*

---

1. Section 492.304, RSMo 1986, provides that visual and aural recordings of statements of chil-

dren under twelve are admissible under certain conditions in certain criminal prosecutions.

*bert,* 416 S.W.2d at 133, provides determinative authority on this point. In *Holbert,* the defendant appealed his conviction for carrying a concealed weapon. Defendant filed a motion to suppress the weapon on the grounds that it had been obtained in violation of his constitutional guaranty against unreasonable search and seizure. Defendant's motion to suppress was taken up and overruled before trial. When the weapon was offered in evidence during his trial, the defendant stated that he had no objection to its introduction. The Missouri Supreme Court held that by stating that he had no objection the defendant waived any challenge to the admission of the weapon as violating his constitutional rights and held that no ruling on the subject could thereafter be presented for review. *See also, State v. Holt,* 415 S.W.2d 761, 765 (Mo.1967).

Furthermore, appellant acknowledges that he raised the issue of the constitutionality of Section 492.304 for the first time on appeal. In Missouri the rule is well established that in order to preserve a constitutional issue for appellate review, it must be raised at the earliest time consistent with good pleading and orderly procedure and must be kept alive during the course of the proceedings. *State v. Wickizer,* 583 S.W. 2d 519, 523 (Mo. banc 1979). Absent a showing of plain error, appellant's raising an alleged error for the first time on appeal does not preserve the issue. *Id.*

Relief will be granted under the plain error rule only when the error so substantially affects the rights of the accused that a manifest injustice or miscarriage of justice inexorably results if left uncorrected. *State v. Sidebottom,* 753 S.W.2d 915, 920 (Mo. banc 1988). Where guilt is established by overwhelming evidence, no injustice or miscarriage of justice results from a refusal to invoke the plain error rule. *State v. Goode,* 721 S.W.2d 766, 770 (Mo.App.1986).

In the case at bar appellant raises the issue of the constitutionality of Section 492.304, RSMo 1986, for the first time on appeal, the evidence of appellant's guilt was overwhelming and his guilt was established independent of the videotape of which he complains.

Appellant's second point is denied.

## III. NECESSITY OF INSTRUCTING ON A PRECISE DATE AND TIME

In his third point on appeal, appellant argues that the trial court erred in submitting the charges of second degree assault, armed criminal action, forcible rape and two counts of forcible sodomy under instructions which alleged that appellant engaged in the charged acts on or about the first half of January, 1986. Appellant argues that the failure of the state to precisely give the date and time of the charged offenses nullified his effort to rely on the defense of alibi. The offenses were charged as having occurred "on or about January, 1986."

At trial, Detective Rick Scarborough of the Liberty, Missouri Police Department, who conducted the first interview with the victim on June 16, 1986, testified that the victim and her mother first told him that the offenses occurred around the first of 1986. Detective Scarborough interviewed the victim a second time on June 17, 1986, at which time the victim could still not give him an exact date, but again told him that the offenses occurred sometime around the first of the year, right after Christmas while she was staying with her father. On June 18, 1986, Detective Scarborough took the victim's videotaped statement in which she states the offenses occurred on a weekend which was a few days after she received her Christmas presents. Detective Scarborough testified that the victim initially stated that the offenses occurred on a Saturday but later told defense counsel that it was on a Friday. Detective Scarborough testified that as best as the police department could piece all the information together they arrived at a date of January 3, 1986, for the offenses.

At trial the victim's mother testified that she wasn't sure when the offenses occurred, but that she thought it was a Friday because of the cartoons the victim was watching. The mother testified that the

offenses could have occurred on January 3, 1986, but there were other dates that were possible. At trial the victim testified she thought the offenses occurred on a Friday, but did not give a specific date for the offenses.

Appellant argues that the jury should have been instructed to find him guilty if they determined that he committed the charged offenses on January 3, 1986, rather than being instructed to find him guilty if they determined that he committed the offenses "on or about the first half of January, 1986."

Time is not the essence of sexual offenses such as rape and deviate sexual intercourse. *State v. Ellis*, 710 S.W.2d 378, 383–84 (Mo.App.1986). However, when an alibi defense is presented, time may be of "decisive importance" although it is not of "the essence" of the offense. *State v. Clark*, 509 S.W.2d 740, 743 (Mo. App.1974). It is established that when a specific date is presented as the date of the alleged crime, an instruction covering a broad period of time may not be given which would nullify an alibi defense that is supported by substantial evidence. *State v. Siems*, 535 S.W.2d 261, 266 (Mo.App. 1976). However, in *Siems*, although the information charged the defendant with committing sodomy on or about February 23, 1972, at trial the victim testified that the offense took place toward the latter part of February. The defendant admitted being in the victim's house two or three times during the period in question, but presented an alibi for the last weekend in February. The jury was instructed to find the defendant guilty if they found he committed the charged offense "during the month of February, 1972". In *Siems*, at 265–66, the court noted that the victim could not remember the exact date of the offense and that since a specific date of the alleged crime was not presented, an instruction covering a broad period of time was not error.

Appellant also argues that the failure to include the specific date in the verdict directors violates Notes on Use 4 to MAI–CR3d 304.02, and Notes on Use 4 to MAI–CR3d 308.04. While Notes on Use 4 to MAI–CR3d 308.04 states that where the evidence is sufficient to support the giving of an alibi instruction, the date, time, and place must be stated with sufficient detail in the verdict director to contravene the alibi evidence, the notes do not require that an exact date must be alleged when the state's evidence fails to show an exact date. Furthermore, Notes on Use 4 to MAI–CR3d 308.04 specifically refers the reader to Notes on Use 4 to MAI–CR3d 304.02 which recognizes that certain offenses and circumstances may allow the state to use a less definite time period. Notes on Use 4 to MAI–CR3d 304.02 cites *State v. Siems*, 535 S.W.2d 261 (Mo.App.1976) as an example of a case where instructing on a broad time frame was approximate. The note recognizes that where it is impossible to fix the occasion of the offense by time or date, the instruction should be modified to identify the occurrence by some other reference.

In the case at bar the trial court did not err by submitting instructions which alleged that appellant engaged in the charged acts on or about the first half of January, 1986. The state did not rely on a specific date in its proof but instead presented evidence which showed that the offenses occurred sometime in the first half of January, 1986. Although appellant attempted to pinpoint the date, the victim, in her initial statements to police, as well as at trial, was unable to fix an exact date of the offenses. The applicable instructions and notes on use recognize that a broader time frame may be used in instructing the jury when it is impossible to fix the occasion of the offense by time or date.

The trial court did not err by instructing on a broad time frame and contrary to appellant's contention the trial court followed the applicable Missouri Approved Instructions and the Applicable Notes on Use.

Appellant's third point is denied.

## IV. RULE 29.15 MOTION

In his fourth point on appeal, appellant argues the trial court was clearly errone-

ous in denying his Rule 29.15 motion without an evidentiary hearing. Appellant argues that he was entitled to a hearing on the allegation in his 29.15 motion that counsel was ineffective for failing to object to the admission of the videotaped statement of the victim. Appellant argues that counsel should have objected on the grounds of improper bolstering since the state presented both the videotape and the victim's testimony at trial.

Rule 29.15(g) provides that an evidentiary hearing is not necessary if the court determines the motion, files and records of the case conclusively show that the movant is entitled to no relief. Such was the finding of the trial court.

Under Rule 29.15(j), appellate review of the trial court's action is limited to a determination of whether the findings and conclusions of the trial court were clearly erroneous. Case law defining the clearly erroneous standard under former Supreme Court Rule 27.26 stated such findings and conclusions are deemed clearly erroneous only if, after review of the entire record, the appellate court is left with the "definite and firm impression that a mistake has been made." *Stokes v. State,* 688 S.W.2d 19, 21 (Mo.App.1985).

■ In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show 1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and 2) that he was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The benchmark for judging ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the result in the trial court cannot be relied upon as having been just. *Id.* at 686, 104 S.Ct. at 2063.

■ Appellant's argument that counsel was ineffective for failing to object to the admission of the videotape is premised on *State v. Seever,* 733 S.W.2d at 441. As discussed under point I herein, the court in *Seever* held that it was improper bolstering for the state to both call the victim to testify and additionally present a videotaped statement which was duplicative of the victim's testimony as presented by the state.

In overruling appellant's 29.15 motion, Judge McFarland noted that the jury verdicts against appellant were received on July 2, 1987, and the decision in *Seever* was handed down by the Missouri Supreme Court on July 14, 1987. Judge McFarland properly recognized that in ruling on a Rule 29.15 motion the court must act "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. at 2065.

The issue raised by appellant's 29.15 motion is analogous to cases in which the courts have held that counsel was not expected to anticipate the case of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), and to have raised *Batson* objections in trials held prior to the issuance of the opinion. *See Felton v. State,* 753 S.W.2d 34, 35 (Mo.App.1988); *Lawrence v. State,* 750 S.W.2d 505, 507 (Mo.App.1988); *Foster v. State,* 748 S.W.2d 903, 909–910 (Mo.App.1988); and *Scott v. State,* 741 S.W.2d 692 (Mo.App.1987). As stated by the court in *Scott v. State, Id.* at 693, "Ineffective assistance of counsel is measured against the backdrop of the law at the time of trial."

The decision of the Missouri Supreme Court in *State v. Seever,* 733 S.W.2d 438, holding that it was improper bolstering to both call the victim to testify and additionally present a videotaped statement duplicative of the victim's testimony was handed down after appellant's trial. The conduct of appellant's counsel is to be evaluated from his perspective at the time of trial. Prior to the court's ruling in *Seever,* counsel could not be expected to anticipate that Section 492.304, RSMo 1986, would be interpreted as it was by the court in *Seever.*

Since the files and records of the case conclusively showed that the appellant was

not entitled to relief, the trial court was not clearly erroneous in denying appellant's Rule 29.15 motion without an evidentiary hearing.

The judgment of the trial court is affirmed in all respects.

All concur.