STATE of Missouri, Plaintiff-Respondent,

v.

David O. BATTLE, Defendant-Appellant.

No. 42798.

Missouri Court of Appeals, Eastern District, Division Two.

Nov. 24, 1981.

Terry Crouppen, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Presiding Judge.

David O. Battle, defendant, was convicted by a jury of two counts of assault in the first degree. He was sentenced to fifteen years on each count, terms to be served consecutively. Defendant appeals.

The facts are briefly set out in the light most favorable to the verdict. *See State v. Graham*, 587 S.W.2d 627, 629 (Mo.App.1979).

On the evening of August 9, 1979 Irene Smith was sitting on the front porch of her house on Penrose Avenue in the City of St. Louis. Defendant, with whom Smith had lived for the past six years, came out of the house and began to argue with Smith. Smith went into the house and defendant followed her. Once inside the house defendant began to strike Smith about the head. Smith ran from the house and sum-moned the police. Two officers arrived on the scene. Smith explained to the officers that her "boyfriend jumped on [her] and she wanted defendant to leave her house." The officers in uniform accompanied Smith to the house. She unlocked the front door and security gate but the officers were unable to enter the house because of a security chain attached to the door from the inside. With Smith's permission the officers forced open the door and announced in a loud voice that they were police officers. One officer entered the house while the other remained close behind him on the front porch. The officer who entered the house testified the interior was dimly lit. He directed his flashlight into the room and saw defendant pointing a rifle at the front door. The officer then drew his revolver and again announced that he was a police officer. When the officer was three feet inside the house defendant began to fire the rifle and the officer returned fire. Defendant and the officer who remained outside of the house were injured in the shoot out. The uninjured officer radioed for assistance and when the assisting officers arrived they apprehended defendant in the basement of the house.

Defendant alleges in his first point that the trial court erred in failing to submit to the jury MAI CR 2.42 (use of force in defense of premises) and in failing to negate the alleged justification in the verdict directors.

Defendant concedes he has not preserved this complaint for review because he did not object to the court's failure to submit the instruction nor did he raise the point in a timely motion for new trial. *State v. Mays*, 598 S.W.2d 613, 616 (Mo.App.1980). Defendant seeks our review under the "plain error rule" which allows this court to consider errors, whether preserved or not, which have resulted in defendant suffering a manifest injustice. Rule 30.20; *see also* Rule 84.13(c).

We find defendant suffered no injustice by the court's failure to submit the instruction on defense of habitation or in-

clude the justification in the verdict directors because defendant was not entitled to submission of such an instruction.

 A party is entitled to an instruction on defense of habitation only where there is evidence of attempted unlawful entry and the lawful occupant reasonably believes there is immediate danger of entry which is being attempted for the purpose of killing or inflicting serious bodily harm upon him and he reasonably believes deadly force is necessary to prevent the unlawful entry. *State v. Ivicsics*, 604 S.W.2d 773, 777 (Mo. App.1980).

Defendant does not contend the entry was unlawful. The officers' entry, in this case, was made with the home-owner Smith's permission. But even if Smith had not given her permission the officers' entry was lawful as an exercise of force reasonably necessary to affect an arrest based on probable cause. *See State v. Smith*, 588 S.W.2d 139, 143 (Mo.App.1979). *See also State v. Tomlin*, 467 S.W.2d 918, 920 (Mo. 1971).

Furthermore, the defense of habitation is available only to prevent entry and "does not extend to punishment for an act already committed." *State v. Brookshire*, 353 S.W.2d 681, 691 (Mo.1962). The officer who entered Smith's house testified he was three feet inside the house when defendant opened fire. Defendant himself testified he thought someone was inside the house with him prior to firing the rifle. Once entry to the house was gained the issue became one of self defense and not defense of habitation.[1] *State v. Brookshire, supra* at 691.

Defendant's first point is without merit.

 Defendant contends in his second point that the trial court failed to properly instruct the jury on the lesser included offense of assault second degree. The court submitted instructions on both assault first degree and assault second degree in the format prescribed by MAI CR 19.02 and 19.04.1. This is not for this court to decide. Where there is an applicable MAI that is the instruction to be submitted and no oth-

er. Rule 28.02(c). This contention by defendant is also without merit.

The judgment is affirmed.

GUNN and SIMON, JJ., concur.

---

1. An instruction on self defense was submitted to the jury.