STATE of Missouri, Respondent,

v.

Bryan WOLTERING, Appellant.

Bryan WOLTERING, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 57671, 58869.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 23, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 22, 1991.

Application to Transfer Denied
July 23, 1991.

Henry B. Robertson, St. Louis, for appellant.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

This is a consolidated appeal from a conviction of murder in the first degree and sentence of life without parole, and from the denial of defendant's Rule 29.15 motion. We affirm.

There is little question but that defendant stabbed and killed his forty-nine-year-old victim in her apartment on May 26, 1988. Defendant confessed, and the physical evidence corroborated his confession.

Defendant met victim about three months prior to the murder after they both moved into the same apartment complex. Defendant and victim became friendly. The day of the murder, defendant borrowed a mixing bowl from victim. He went to return it, and to use victim's phone at about 6 p.m. Victim suggested they go out for a drink, and offered to pay, as defendant had no money. They went to a local bar, where they both had beer. After an hour and a half, they left the bar. Defendant went to a local store and purchased some beer, at victim's suggestion and expense. They returned to victim's apartment, where they watched television.

Defendant initially told police he left victim's apartment at 10:00 or 10:30 p.m. However, he later confessed to subsequent events. Defendant stated he began having feelings of a sexual nature toward victim. He put his hand on her thigh while they were watching television. Victim removed his hand and told him not to do that. When she stood up a few minutes later, defendant also stood up, grabbed her wrists, and fell on top of her onto the daybed in her living room. Defendant attempted to kiss her, but she turned her head. He succeeded in removing her pants and underwear, and began removing his own. At this point, victim told him that if he left, she would not call the police. Defendant became angry and hit her in the face several times, breaking bones in her face and rendering her unconscious. He then went into her kitchen, selected a large butcher knife, returned to victim, and attempted to push it into her chest. When he did not succeed, he raised the knife to eye level, closed his eyes, and stabbed victim repeatedly in the chest.

Defendant then cleaned up the blood, removed and dumped out various drawers, and put the knife and other blood-soaked items in a bag for removal from the scene. Defendant left the apartment, taking the bag and a television-radio set he wanted to keep.

When defendant was arrested, victim's television-radio set was discovered in his apartment. Defendant also identified a black watch, found under victim's body, as his. Defendant's confession was recorded on both audio and videotape. Defendant did not testify in his own defense at trial, instead presenting expert psychological testimony to negate the intent element of deliberate action required for the State to prove murder in the first degree.

■ Defendant first asserts the trial court erred in excluding the testimony of defendant's psychological experts as to the contents of various records and interviews with defendant used in their evaluation of defendant. These records included school, hospital and social-service agency records. The defense sought to be asserted by defendant was that of incapacity to form the requisite intent based on the existence of a mental disease or defect under § 552.010, RSMo 1986. However, defendant's forensic psychologist testified defendant was not suffering from a mental disease or defect. No medical evidence was presented to the contrary.

■ Defendant argues that the trustworthy nature of these records, as well as the experts' reasonable reliance thereon in formulating their opinions, rendered the records effectively within an exception to the hearsay rule. Defendant is incorrect. It is true that an expert opinion may be based on otherwise inadmissible hearsay evidence. *Young v. St. Louis University*, 773 S.W.2d 143, 145[2, 3] (Mo.App.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 738, 107 L.Ed.2d 756 (1989). However, defendant's experts were not prevented from testifying as to their medical opinion. The court merely restricted their testimony about the hearsay contained in these

records and statements. Further, defendant was not prejudiced by this exclusion. Once the court determined there was no basis for the defense of mental disease or defect, the question of defendant's mental or emotional impairment became irrelevant. *State v. Weatherspoon,* 716 S.W.2d 379, 384[8] (Mo.App.1986), *cert. denied,* 479 U.S. 1095, 107 S.Ct. 1313, 94 L.Ed.2d 167 (1987).

In his second point, defendant challenges the trial court's admission of evidence that victim had been hospitalized and in a nursing home, and of the contents of victim's diary for the day before the murder. Defendant complains that allowing victim's sister to read the entry to the jury was equivalent to an impermissible victim impact statement, and was hearsay and irrelevant.

■ The trial court has broad discretion on the question of relevancy, and its decision should be overturned only for an abuse of that discretion. *State v. Driscoll,* 711 S.W.2d 512, 516[4] (Mo. banc 1986), *cert. denied,* 479 U.S. 922, 107 S.Ct. 329, 93 L.Ed.2d 301 (1986). Victim's physical condition and ability to resist were relevant to her ability to resist defendant's sexual assault and to show the deliberate nature of defendant's acts.

■ The State contends the diary entry was relevant to show that that entry and the following entry were made in dissimilar handwriting. The State argued at trial that the last entry was a subterfuge by the defendant to confuse the police. The contents of the diary entry—innocent references to kitchen appliances, a sewing machine, books, the weather, and the possibility of victim purchasing a car—were not relevant to the issues at trial. The entry was not offered to prove the truth of the matters asserted therein, and thus was not hearsay. Additionally, this was not a victim impact statement. *Booth v. Maryland,* 482 U.S. 496, 107 S.Ct. 2529, 2535, 96 L.Ed.2d 440 (1987). It did not describe personal characteristics of the victim, and did not detail the emotional impact of victim's death on the family. Further, evidence of defendant's guilt was so strong,

this court cannot say that defendant was prejudiced in any way. Point denied.

Defendant next disputes the trial court's failure to overrule defendant's challenges for cause of two veniremen, Doermer and Koehr. Defendant asserts these veniremen's preference for capital punishment impermissibly interfered with their ability to follow the law. Defendant contends Doermer said he would impose a burden on defendant to prove mitigating circumstances, and Koehr stated that if the crime was "heinous," he might not be able to properly consider aggravating and mitigating circumstances.

■ The trial court has wide discretion in determining the qualifications of veniremen. *State v. Smith,* 649 S.W.2d 417, 422[5] (Mo. banc 1983), *cert. denied,* 464 U.S. 908, 104 S.Ct. 262, 78 L.Ed.2d 246 (1983). Despite defendant's assertions, both veniremen indicated they would consider the full range of punishment, and would obey the instructions of the court. The trial court did not err, but reasonably concluded that the veniremen possessed open minds with respect to the issue of punishment. Point denied.

■ In his fourth point on appeal, defendant alleges the trial court erred in excluding witnesses Denise Nixon and Barbara Julier. Defendant submits their testimony would have provided relevant mental history in that they had knowledge of defendant's alcohol abuse in the months prior to the murder, which supposedly bore upon his ability to deliberate. Defendant further claims the State opened the door to corroborative testimony by cross-examining the psychological experts on their lack of independent investigation of defendant's background.

Nixon and Julier's testimony was properly excluded. As discussed in Point I, no medical evidence was introduced which indicated defendant suffered from a mental disease or defect. Defendant thus cannot assert a defense of incapacity to form a specific intent. *Weatherspoon,* 716 S.W.2d at 384[8]. Further, the exclusion of this testimony was proper because Missouri law

precludes a defense of voluntary intoxication. § 562.076, RSMo 1986. *State v. Tate*, 733 S.W.2d 45, 47[3] (Mo.App.1987). Also, none of defendant's experts based their opinions on any information gathered from either of these witnesses.

■ Defendant, in his fifth and sixth points relied on, complains the trial court allowed the prosecutor to make improper statements in his closing argument over defendant's objection. Defendant cites two separate instances of this allegedly improper argument. First, defendant maintains that the prosecutor's reference to defendant's trial rights vis-a-vis the victim's rights improperly prejudiced the defendant. Second, defendant claims it was improper for the State to characterize the experts' testimony as not being evidence. A trial court has broad discretion in controlling closing argument, with wide latitude accorded counsel in their summaries. *State v. McDonald*, 661 S.W.2d 497, 506[13] (Mo. banc 1983), *cert. denied*, 471 U.S. 1009, 105 S.Ct. 1875, 85 L.Ed.2d 168 (1984). Unless that discretion has been clearly abused to the prejudice of the accused, the trial court's rulings on such issues should not be disturbed on appeal, as the trial court is best able to assess the prejudicial effect of the prosecutor's statements. *State v. Vitale*, 801 S.W.2d 451, 457[19] (Mo.App. 1990). Defendant has not shown that the complained of argument had a decisive effect on the jury's determination. *State v. Sanders*, 714 S.W.2d 578, 590[17] (Mo.App. 1986). In light of the overwhelming evidence of defendant's guilt, this court cannot find he was prejudiced. *State v. Baker*, 741 S.W.2d 63, 66–67[6, 7] (Mo.App. 1987). Points denied.

■ Defendant next asserts the trial court erred in sustaining the State's objections to portions of defense counsel's opening statement. The court has wide discretion in determining what may be argument and what is the statement of facts. *State v. Hamilton*, 740 S.W.2d 208, 211 (Mo.App. 1987). The first objection was sustained following defense counsel's statement:

> To understand [defendant's] state of mind, and his relationship with [victim],

and what happened when he [made] sexual overtures to her, you have to understand things about [defendant]. You have to decide whether the incident [was] coolly reflected upon, deliberate—

This comment on defendant's state of mind, without reference to any facts defendant intended to present, was clearly improper argument. It is not error to limit a defendant's opening statement to what the evidence would show. *Id.* The State's objections were sustained twice more after defense counsel stated: "The problem with sexually abused children is that they view relationships differently" and "The doctors will explain to you that sexually abused children turn all relationships into a sexual nature." Any question of prior sexual abuse should have been related to defendant himself and the effect of that abuse on defendant. The record indicates defense counsel presented a full statement of the case and background evidence in support of the psychiatric defense. Defendant was not unduly restricted in presenting his opening statement, especially in light of the fact that defendant could not support his defense of mental defect. Point denied.

■ In his eighth point on appeal, defendant asserts the trial court erred in sustaining the State's objection and forbidding defense counsel to ask the venire whether they could consider the range of punishment for lesser included offenses. Control of voir dire examination is within the discretion of the trial court. *State v. Murray*, 744 S.W.2d 762, 770[8] (Mo. banc 1988), *cert denied*, 488 U.S. 871, 109 S.Ct. 181, 102 L.Ed.2d 150 (1988). This discretion as to the nature and extent of questions counsel may pose to the panel will be disturbed on appeal only when a manifest abuse is shown. *State v. Holt*, 758 S.W.2d 182, 186[9] (Mo.App.1988).

■ The record indicates that the objection the trial court sustained was not in reference to the range of punishments for lesser offenses, but was instead a result of defense counsel's reference to defendant's lack of prior convictions. Defense counsel stated:

One of the things I want to discuss with you is punishment, punishment on the lesser offenses. [Defendant] has never been in trouble before and if you find him guilty of a lesser—

The prosecutor objected at this point, and the trial court sustained the objection. At a hearing outside the presence of the jury, the prosecutor argued:

The matter of him having no prior convictions, never having been in trouble with the law, and how it relates to a lesser offense is irrelevant at this time. There is absolutely no evidence that we'll present any lesser included charge. And I'll object to that voir dire.

The trial court again sustained the objection. Defendant's lack of prior convictions was irrelevant to the proof of any lesser included offenses. The trial court is not required to separate the wheat from the chaff. Further, defendant has failed to show he was prejudiced in any way. Point denied.

Finally, defendant attacks the trial court's posting of a guard between defendant and the knives in evidence while the exhibits were displayed to the jury. Defendant asserts this indicated to the jury that he was a dangerous and untrustworthy individual.

The trial judge bears the responsibility for the conduct of the trial and the safety of all persons in the courtroom. *State v. Zeitvogel*, 655 S.W.2d 678, 688[12] (Mo.App.1983). Given that defendant confessed to the murder, stationing the guard by the knives is not cause for reversal. Point denied.

### *Rule 29.15 Motion*

Defendant argues the motion court erred in dismissing his Rule 29.15 motion even though it was untimely filed. The motion was not filed within thirty days after the filing of the transcript on appeal, but instead was filed one day out of time. In *Day v. State*, 770 S.W.2d 692, 695[1] (Mo. banc 1989), *cert. denied, sub nom. Walker v. Missouri*, — U.S. —, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989), the Missouri Supreme Court held that the time limitations contained in Rule 29.15 were valid and mandatory against a claim of constitutional invalidity identical to defendant's herein.

Judgment affirmed.

GARY M. GAERTNER, P.J., and AHRENS, J., concur.