**STATE of Missouri, Respondent,**

v.

**Michael Dale LUMPKIN, Appellant.**

**Michael Dale LUMPKIN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. WD 43969, WD 45930.**

Missouri Court of Appeals,
Western District.

March 30, 1993.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

William L. Webster, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for respondent.

Before BRECKENRIDGE, P.J., and SHANGLER and SPINDEN, JJ.

BRECKENRIDGE, Presiding Judge.

Michael Lumpkin appeals from his convictions for first degree assault, § 565.050, RSMo 1986,[1] and armed criminal action, § 571.015. He was sentenced, as a prior and persistent offender, to consecutive terms of twenty and ten years imprisonment, respectively. Lumpkin also appeals from the motion court's denial of his Rule 29.15 motion for postconviction relief. Lumpkin raises five points on appeal, claiming that the trial court erred in: 1) refusing to submit a defense of premises instruction; 2) denying his request for a mistrial due to the State's improper closing argument; 3) submitting an improper instruction defining reasonable doubt; 4) denying him postconviction relief because he was denied effective assistance of counsel due to his counsel's failure to preserve error for review on appeal; and 5) denying him postconviction relief without an evidentiary hearing because he was denied effective assistance of counsel due to trial counsel's failure to investigate.

The convictions and the judgment on the postconviction motion are affirmed.

On October 25, 1989, Officer Herbert Robinson, an undercover police officer working with the street narcotics unit of the Kansas City Police Department, approached a house at 5840 Wabash in Kansas City, Missouri. He made a $20 crack cocaine purchase from a black woman whom he found on the porch of the house. This purchase allowed the police to obtain a search warrant for the house. On November 2, 1989, at approximately 8:00 p.m., Robinson, three other undercover officers and about a dozen officers from the 8050 Tactical Response Squad returned to the area to execute the search warrant. Robinson approached the house to make a second drug purchase as verification that the residence was still a "drug house." Robinson wore three layers of clothing under which his gun and a radio transmitting device were concealed.

Robinson knocked on the door of the house at 5840 Wabash and Lumpkin, gun in hand, answered the door. Robinson asked for a $20 rock and was told by Lumpkin that there were "no happenings." Robinson inquired as to the whereabouts of the black woman from whom he had previously purchased crack cocaine. Tony Barrett then came to the door, yelled obscenities at Robinson, pushed Robinson and then struck Robinson with his fist. Lumpkin shot Robinson in the right shoulder and slammed the door shut. The bullet traveled completely through Robinson's right shoulder, shattered a bone and knocked Robinson to the floor of the porch. Robinson testified that he drew his gun as he was getting up, jumped over the porch railing and utilized the monitoring device to call for assistance. Robinson also testified that he had not attempted to draw his gun prior to being shot by Lumpkin.

Lumpkin ran out the back door of the house, threw the gun down in the backyard and hid out until he was arrested. The gun, containing four live rounds and one spent casing, was found in the backyard. A spent bullet was found on 59th Street approximately 105 feet from the porch of the house. John Cayton, the chief forensic firearms and tool mark examiner at the Regional Criminalistics Laboratory, in Kansas City, Missouri, tested the bullet and

---

**1.** All statutory citations are to Revised Missouri Statutes 1986, unless otherwise stated.

testified that it was fired from the gun found in the backyard of 5840 Wabash.

Lumpkin was convicted by a jury of first degree assault, § 565.050, and armed criminal action, § 571.015. Lumpkin was sentenced, as a prior and persistent offender, to consecutive terms of twenty and ten years imprisonment, respectively. Lumpkin filed a *pro se* Rule 29.15 motion on September 9, 1991. Appointed counsel filed an amended motion on November 19, 1991. The motions alleged that Lumpkin had received ineffective assistance of counsel. The motion court denied Lumpkin's postconviction motion, without an evidentiary hearing, on January 3, 1992. Lumpkin appeals both from his convictions and from the denial of his motion for postconviction relief. Lumpkin admitted the shooting, claiming it was in self-defense and in defense of premises.

Lumpkin raises five points on appeal, arguing that the trial court erred in: 1) refusing to submit his proposed instruction on defense of premises because, through his testimony, evidence was presented requiring such an instruction; 2) denying his request for a mistrial during the State's closing argument when the State deliberately misstated the contents of an exhibit; 3) submitting instruction number four defining reasonable doubt, which is patterned after MAI–CR3d 302.04, because the instruction does not present a constitutional definition of reasonable doubt; 4) denying him postconviction relief because he was denied effective assistance of counsel in that trial counsel failed to object and include as an allegation of error in the motion for new trial both that the State's closing argument was improper and that the trial court erred in giving instruction number four defining reasonable doubt; and 5) denying him postconviction relief without an evidentiary hearing because he was denied effective assistance of counsel in that his counsel failed to adequately investigate.

In Point I, Lumpkin argues that the trial court erred in refusing to submit his proposed Instruction No. A regarding defense of premises. Lumpkin asserts that the Notes on Use require the defense of premises instruction to be given whenever there is evidence that the defendant could have believed that the victim was attempting to commit burglary and that he presented such evidence through his testimony. In addition, Lumpkin argues that because his conviction for first degree assault was erroneous, his conviction for armed criminal action underlying the first degree assault was also erroneous.

A defense of premises [2] instruction must be given by the trial court only when there is evidence of attempted unlawful entry and evidence that the lawful occupant reasonably believed 1) immediate danger of entry existed; 2) the entry was being attempted in order to kill or inflict serious bodily harm on the occupant; and 3) deadly force was required to prevent the entry. *State v. Battle*, 625 S.W.2d 252, 254 (Mo.App.1981). *See also State v. Ivicsics*, 604 S.W.2d 773, 777 (Mo.App.1980). Section 563.036.2, which predates *Battle* and *Ivicsics*, requires that in order to use deadly force in defense of premises, the defendant must reasonably believe "it necessary to prevent what he reasonably believes to be an attempt by the trespasser to commit arson or burglary upon his dwelling." The defendant bears the burden of injecting the issue of defense of premises. Section 563.036.3.

The "Notes on Use" following MAI–CR3d 306.10 require the trial court to submit the defense of premises instruction if "there is evidence that the defendant could have believed the victim" was attempting to commit burglary. Lumpkin argues he met this standard by testifying that he subjectively believed Robinson was attempting to commit burglary. In making this argument, Lumpkin fails to consider

---

**2.** Section 563.036 and MAI–CR3d 306.10 use the phrase "defense of premises." The case law, especially the earlier cases, often uses the phrase "defense of habitation." The court in *State v. Battle*, 625 S.W.2d 252 (Mo.App.1981), addresses the failure to submit an instruction on the "use of force in defense of premises" but refers throughout the opinion to the "instruction on defense of habitation." *Battle* demonstrates the interchangeable nature of the two phrases.

the language of § 563.036 and of MAI–CR3d 306.10, both of which require that the defendant's belief be objectively reasonable.

The defense of premises is a defense of justification as is self-defense. Chapter 563. In Missouri, defense of premises is, essentially, accelerated self-defense. *Ivicsics*, 604 S.W.2d at 777. The two defenses differ in terms of time and space in that defense of premises is applicable prior to and during the intruder's entry into the dwelling, but once the intruder has entered without resistance, the principles of self-defense apply. *Id.* Since there are no Missouri cases establishing the quantum of proof necessary before giving a defense of premises instruction, it is helpful to consider the quantum of proof required for giving a self-defense instruction. The quantum of proof for self-defense has been defined as "substantial evidence," "evidence putting it in issue," "any theory of innocence ... however improbable that theory may seem, so long as the most favorable construction of the evidence supports it," "supported by evidence," "any theory of the case which his evidence tended to establish," "established defense," and "evidence to support the theory." *State v. Weems*, 840 S.W.2d 222, 226 (Mo. banc 1992) (citations omitted). Once sufficient evidence injects the issue of self-defense into the case, it is a question of fact for the jury whether the defendant's belief in the necessity of using deadly force was reasonable in defense of self. *Id.*

In determining whether Lumpkin has presented evidence sufficient to inject the issue of defense of premises, it is necessary for him to present evidence that under its most favorable construction supports a finding of defense of premises. It is not sufficient solely that the defendant believed in his or her own mind that the other person was attempting to enter the premises to commit burglary; the belief must also be objectively reasonable. *Ivicsics*, 604 S.W.2d at 778. Although Lumpkin testified that he believed Robinson was going to shoot him and then break into the house to burglarize it, the evidence does not support such a belief. Robinson had not threatened Lumpkin or Barrett physically nor had he indicated an intention, either verbally or through his actions, to enter the premises. Lumpkin testified that during the confrontation, Robinson did not move from the spot in which he was standing when Lumpkin opened the door.

The trial court found that Lumpkin's testimony, if believed, established that Lumpkin acted in self-defense and the trial court submitted an instruction on self-defense to the jury. The jury rejected self-defense by finding Lumpkin guilty. The trial court rejected Lumpkin's claim of defense of premises. The trial court did not err in doing so because from the evidence at trial, including Lumpkin's version of the events prior to his shooting Robinson, reasonable jurors could not have found that Robinson was attempting to enter the premises at 5840 Wabash. Besides his subjective belief that Robinson intended to burglarize the house, Lumpkin has not presented any other evidence injecting the issue of defense of premises. Lumpkin's subjective belief, without an evidentiary basis to create a question of fact as to its reasonableness, does not meet the quantum of proof necessary to give a defense of premises instruction. Point I is denied.

Lumpkin argues in Point II that the trial court erred in denying his request for a mistrial during the State's closing argument because the State violated his rights to due process and a fair trial by deliberately misstating the contents of defense Exhibit 33. Lumpkin claims the State's argument made it appear that Lumpkin, in an incident prior to the shooting, had threatened the life of Robinson and any other police officer who appeared at 5840 Wabash.

Lumpkin asserts error on the basis of the following statements made by the State during its closing argument:

Now, we've talked about these statements and I want you—these are all in evidence, and I want you to ask for all of the evidence, and please, please read these carefully. Read Officer's Colley [sic] statement and read the question.

"QUESTION: Have you had any direct hostile confrontation with any parties at this address prior to this evening?

ANSWER: Yes, I have. The black male who identified as laying in the living room handcuffed confronted me on on [sic] 10–17–89, when I approached the residence inquiring how I could buy crack-cocaine. I was at that time immediately identified as a police officer and this subject, along with other unknown black males, exited the residence and at that time, followed me back to my vehicle that was parked just west of the residence on 59th Street. This subject prior to my exiting the scene, came within five feet of me and at that time placed his hands inside of his waistband in an attempt to intimidate me. At the time I placed my hand on my weapon that was concealed under my coat and the subject at that time perceived the bulge in my coat and then backed down and returend [sic] to 5840 Wabash. We then exited the scene.

QUESTION: Did he make any verbal threats during that confrontation?

ANSWER: [sic] The only threats I received were simply profanities about being a police officerand [sic] not to return to that location again. He also stated, along with other black males, 'If you return, we will kick your ass or blow you away.' "

I offered that into evidence and you can ask for it read and understand that this is why he shot him.

Defense counsel objected on the basis that none of the above remarks referred to Lumpkin and requested a mistrial. The court sustained the objection but denied the request for a mistrial. The court instructed the jury to disregard the State's comments.

■ It is well-established in Missouri that the declaration of a mistrial by the court is a drastic remedy and is to be exercised only in extraordinary circumstances. *State v. Young,* 701 S.W.2d 429, 434 (Mo. banc 1985), *cert. denied,* 476 U.S. 1109, 106 S.Ct. 1959, 90 L.Ed.2d 367 (1986). The trial court, having observed the circumstances giving rise to the request for a mistrial, is in the best position to evaluate the prejudice that has resulted. *Id.* On appeal, the court must determine whether, as a matter of law, the trial court abused its discretion by denying the request for a mistrial. *Id.* To constitute reversible error, there must be both an abuse of discretion by the trial court and prejudice to the defendant as a result of such abuse. *State v. Mahurin,* 799 S.W.2d 840, 844 (Mo. banc 1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 90, 116 L.Ed.2d 62 (1991). When the evidence of the defendant's guilt is strong, it is even less likely that the trial court will be found to have abused its discretion. *State v. Baker,* 741 S.W.2d 63, 66 (Mo.App. 1987). A conviction will only be reversed on the basis of improper argument if it is established that counsel's improper comments had a decisive effect on the jury's verdict. *State v. Newlon,* 627 S.W.2d 606, 616 (Mo. banc 1982), *cert. denied,* 459 U.S. 884, 103 S.Ct. 185, 74 L.Ed.2d 149 (1982).

■ The Missouri Supreme Court has held that a jury admonition can sufficiently alleviate the prejudice created by improper prosecutorial comments. *State v. Wren,* 643 S.W.2d 800, 802 (Mo.1983). In the instant case, defense counsel objected to the State's comments during closing argument and the objection was promptly sustained. The court admonished the jury to disregard the comment. Defense counsel made it clear to the jury in his own closing argument that the threat in Exhibit 33 was not made by Lumpkin. During deliberation, the jury asked for the evidence and did receive the exhibits, therefore, the opportunity existed for the jury to examine Exhibit 33 if there was any confusion as to its contents. The overall evidence of Lumpkin's guilt is strong and there is no reason to believe that the State's comment was a decisive factor that convinced the jury to find Lumpkin guilty. In such a situation, where there is overwhelming evidence of guilt and no evidence to indicate the defendant has been prejudiced, the trial court's ruling will not be disturbed on appeal. *State v. Woltering,* 810 S.W.2d 584, 588 (Mo.App.1991). Point II is denied.

In Point III, Lumpkin argues that the trial court plainly erred in submitting instruction number four, patterned after MAI–CR3d 302.04, because it improperly defines reasonable doubt. Lumpkin alleges that he was denied his right to due process because the instruction, in defining "proof beyond a reasonable doubt" as "proof that leaves you firmly convinced of the defendant's guilt," allowed the jury to find him guilty based on a degree of proof below that required by due process. Lumpkin, citing *Cage v. Louisiana,* 498 U.S. 39, 111 S.Ct. 328, 112 L.Ed.2d 339 (1990), as authority, argues that the "firmly convinced" language of instruction number four does not satisfy the constitutional requirements for due process. In *State v. Griffin,* 818 S.W.2d 278, 282 (Mo. banc 1991), the Missouri Supreme Court held that instruction number four meets the constitutional requirements for a definition of reasonable doubt. This court is required to follow the last controlling decision of the Missouri Supreme Court. *State v. Weems,* 800 S.W.2d 54, 58 (Mo.App.1990). Point III is denied.

Lumpkin argues in Point IV that the motion court clearly erred in denying his Rule 29.15 postconviction motion because he received ineffective assistance of counsel in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 18(a) of the Missouri Constitution. Lumpkin alleges that his trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under the same or similar circumstances. Specifically, Lumpkin claims that his trial counsel failed to object to and include as an allegation of error in the motion for new trial: A) that the State's closing argument improperly inflamed the passions and prejudices of the jurors by repeatedly referring to Robinson as a "front-runner in the war on drugs," even though Lumpkin was not charged with any drug offense; and B) that the trial court erred in giving instruction number four, which improperly defined reasonable doubt, thus allowing the jury to find Lumpkin guilty on the basis of a degree of proof below that required by due process.[3]

When reviewing the motion court's denial of a Rule 29.15 motion, the court of appeals is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. *Amrine v. State,* 785 S.W.2d 531, 533 (Mo. banc 1990), *cert. denied,* 498 U.S. 881, 111 S.Ct. 227, 112 L.Ed.2d 181 (1990). The findings and conclusions of the motion court will only be found to be clearly erroneous if, after reviewing the entire record, the court is left with the definite impression that a mistake has been made. *Id.* In addition, the movant must not only prove his or her allegations by a preponderance of the evidence but also must overcome the presumption of the court that counsel is competent. *Id.* at 534. The United States Supreme Court set forth a two-part test for evaluating claims of ineffective assistance of counsel in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Both prongs of the *Strickland* test must be established to prevail. *Amrine,* 785 S.W.2d at 534. The defendant must prove that 1) his or her attorney failed to exercise the skill and diligence that a reasonably competent attorney would have exercised in a similar circumstance; and 2) the attorney's failure to act in a reasonably competent manner prejudiced the defendant. *Strickland,* 466 U.S. at 686–87, 104 S.Ct. at 2064. Movant must demonstrate that there is a reasonable probability that, but for the unreasonable conduct of counsel, the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068.

Point III is dispositive of Lumpkin's argument in Part B of Point IV concerning failing to object to the reasonable

---

**3.** Lumpkin's arguments in Point IV that trial counsel failed to include the allegations of error made in Part A and Part B in the Motion for New Trial were not raised in his Rule 29.15 motion. Movant waives any grounds for relief that are not raised in the Rule 29.15 motion. *Kelly v. State,* 784 S.W.2d 270, 273 (Mo.App. 1989). Lumpkin has, therefore, waived this argument.

doubt instruction. Counsel would not be ineffective for failing to make a nonmeritorious objection. *Sidebottom v. State*, 781 S.W.2d 791, 799 (Mo. banc 1989), *cert. denied*, 497 U.S. 1032, 110 S.Ct. 3295, 111 L.Ed.2d 804 (1990). As a result, this court will only address Part A of Point IV.

 The mere failure to object does not constitute ineffective assistance of counsel. *Joiner v. State*, 621 S.W.2d 336, 338 (Mo. App.1981). Even when an objection would have been meritorious, the failure of counsel to object does not demonstrate incompetence. *Jones v. State*, 784 S.W.2d 789, 793 (Mo. banc 1990), *cert. denied*, 498 U.S. 881, 111 S.Ct. 215, 112 L.Ed.2d 175 (1990). Movant must show that counsel's overall performance was below established norms and that this incompetence probably affected the outcome of the proceeding. *Id.* Courts rarely hold an attorney's use of reasonable discretion in a matter of trial strategy to constitute ineffective assistance of counsel. *State v. White*, 798 S.W.2d 694, 698 (Mo. banc 1990). Whether to forego the opportunity to make a marginal objection is a question of trial strategy and may often be sound trial strategy if counsel fears the objection will be overruled and result in emphasizing opposing counsel's remarks. *State v. Cobb*, 820 S.W.2d 704, 714 (Mo.App.1991).

In Part A of Point IV, Lumpkin argues that the prosecutor's comments in closing argument regarding Robinson being a "front-runner in the war against drugs," prejudiced him by improperly inflaming the passions and prejudices of the jurors. The motion court rejected the claim Lumpkin sets forth in Part A of Point IV because it was conclusory and failed to set forth facts on which a claim for relief could be based. The motion court stated that Lumpkin was not entitled to an evidentiary hearing on the issue because he did not allege the required prejudice. Movant is not entitled to an evidentiary hearing unless the "movant alleges facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's de-

fense." *Dehart v. State*, 755 S.W.2d 611, 613 (Mo.App.1988). The portion of Lumpkin's Rule 29.15 motion pertaining to Part A of Point IV reads as follows:

> Mr. Koppe failed to object during the state's closing argument to the state's inflammatory references to drugs and the war on drugs, as such references were irrelevant and meant solely to inflame the jury. Failure to object relegates this prejudicial error to the plain error standard of Appellate review.

 The motion court properly found that Lumpkin had failed to satisfy the requirements to be entitled to an evidentiary hearing. Lumpkin's postconviction motion stated conclusions, rather than facts. Lumpkin failed to specifically identify the references in the State's closing argument he found objectionable and to articulate why the references were inflammatory and irrelevant.

 A prosecutor is permitted to argue general propositions regarding the prevalence of crime in the community, the personal safety of the community's citizens and the jury's duty to uphold the law including inferences regarding the jury's failure to convict and pleas to the jury's common experience. *Cobb*, 820 S.W.2d at 712. *See also State v. Clemmons*, 753 S.W.2d 901, 909 (Mo. banc 1988), *cert. denied*, 488 U.S. 948, 109 S.Ct. 380, 102 L.Ed.2d 369 (1988); *Newlon*, 627 S.W.2d at 619. The Missouri Supreme Court has condemned prosecutorial comments which personalize the argument by suggesting that acquittal would result in personal danger to the jurors or their families or that the defendant possessed criminal proclivities and must be convicted to deter future crimes. *State v. Raspberry*, 452 S.W.2d 169, 172 (Mo.1970). Reference by the prosecution in its closing argument to the war on drugs is not a *per se* violation of a defendant's rights. *See State v. Hatcher*, 835 S.W.2d 340 (Mo.App. 1992); *State v. Williams*, 747 S.W.2d 635 (Mo.App.1988). Lumpkin's pleading does not sufficiently state a claim for relief.

The motion court was not clearly erroneous in finding that Lumpkin also failed to plead prejudice. The motion merely al-

leged that counsel failed to object to "prejudicial error." A motion that does not demonstrate a reasonable probability that the objections which were not made would have changed the outcome of the trial is not an effective pleading and does not entitle the movant to an evidentiary hearing. *Robinson v. State,* 785 S.W.2d 323, 324 (Mo.App.1990). Point IV is denied.

In Point V, Lumpkin asserts that the motion court clearly erred in denying his Rule 29.15 postconviction motion without an evidentiary hearing. Lumpkin argues that a review of the record leaves a firm conviction that the motion court made a mistake in refusing his request for an evidentiary hearing because he received ineffective assistance of counsel. He claims that his trial counsel did not reasonably investigate his case in that he failed to interview, depose or investigate Tony Barrett, a person present at the time of the shooting with the knowledge to corroborate Lumpkin's testimony that Robinson was reaching for his gun when Lumpkin shot him.

A Rule 29.15 motion must allege facts, rather than conclusions, which show a basis for relief in order for movant to be entitled to an evidentiary hearing. *Pollard v. State,* 807 S.W.2d 498, 501 (Mo. banc 1991), *cert. denied,* — U.S. —, 112 S.Ct. 383, 116 L.Ed.2d 334 (1991). To be entitled to an evidentiary hearing on a claim of failure to investigate a witness, movant must allege that the witness could have been located through reasonable investigation, the witness would have testified if called and the witness' testimony would have provided a viable defense. *Cook v. State,* 778 S.W.2d 262, 263 (Mo. App.1989). The motion court found Lumpkin's allegations on this point to be conclusory for failing to set forth facts which would entitle Lumpkin to relief.

The motion court did not err in denying Lumpkin's request for an evidentiary hearing. Lumpkin fails to allege in his motion that Barrett could have been located through reasonable investigation, that he would have testified if called and that his testimony would have provided a viable

defense. Lumpkin alleges generally that, "Mr. Barrett was present at the incident and could have corroborated Movant's testimony as to what took place that night." Lumpkin fails to specifically allege what testimony Barrett would give. Lumpkin's motion did not set forth sufficient allegations to require an evidentiary hearing because it was conclusory and did not present a basis for relief. *Pollard,* 807 S.W.2d at 501. Point V is denied.

The judgments of the trial court and the motion court are affirmed.

All concur.