Kelvin W. **PERKINS**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. ED 79479.

Missouri Court of Appeals, Eastern District, Division Two.

May 21, 2002.

Gwenda R. Robinson, Asst. Public Defender, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

Kelvin Perkins (hereinafter, "Movant") appeals from the motion court's judgment denying his motion for post-conviction relief pursuant to Rule 29.15 after an evidentiary hearing. Movant claims his trial counsel denied him effective assistance of counsel by failing to offer a defense of premises instruction with respect to the unlawful use of a weapon charge or alternatively, to offer a cross-reference to a previously offered defense of premises instruction as to another count. We affirm.

Movant and Kathy DeMont (hereinafter, "DeMont") were living together in an apartment in St. Charles for approximately six or seven months. Around January 1997, DeMont began staying with a friend but did not take all of her belongings with her. DeMont decided to move out of Movant's apartment and went to the apartment on January 15, 1997. Upon arriving, DeMont asked her friend, Kathy Surdyke (hereinafter, "Surdyke") and Surdyke's fifteen-year-old daughter, Robin (hereinafter, "Robin"), to help her move personal items out of Movant's apartment. Surdyke and Robin arrived at the apartment at approximately 8:00 p.m. DeMont directed them to pick up items such as clothing, a suitcase, a pink pillow, a sheet, hair spray, and a curling iron.

Meanwhile, Movant's neighbor heard DeMont and the Surdykes in Movant's apartment and called him at work. Movant's uncle, the landlord, also indicated that he told DeMont and her friends to stay away from the apartment complex because of past problems.

Movant returned to the apartment complex and entered the apartment. Movant asked DeMont what she was doing, and DeMont told him that she was leaving him. Movant became angry and said he had just been fired at work. He noticed Surdyke and Robin in the apartment as well and

wanted to know what they were doing there. He asked them to leave, and Surdyke began to leave.

As Robin approached the door, Movant pulled a .38 caliber pistol out of a pocket in his vest, aimed it at Surdyke, and held the pistol to her head. Movant hollered at Robin to shut the front door, and she shut herself back inside the apartment. The gun went off; Surdyke thought she had been shot and ran toward the kitchen.

Movant turned his attention to Robin and waved the pistol at her. Robin began to scream as Movant questioned her about why she was in his apartment. Movant told them to leave, so Surdyke and Robin ran out the front door. Movant followed them out, still waving the pistol, as they made their way to their car. Surdyke got into the car and drove to a nearby store where she called the police.

Movant was apprehended and arrested. He was charged with assault in the first degree, armed criminal action, and unlawful use of a weapon. The State also charged him as a prior and persistent offender.

At the close of evidence the trial court conducted an instruction conference in order to determine how to instruct the jury. Movant's trial counsel submitted a defense of premises instruction as to the assault and armed criminal action charge, but not an instruction as to the unlawful use of a weapon charge.

The jury acquitted Movant on the assault and armed criminal action charge but found him guilty of unlawful use of a weapon. The trial court sentenced Movant to ten years' imprisonment as a prior and persistent offender. Movant appealed, and this Court affirmed his conviction in *State v. Perkins*, 16 S.W.3d 721 (Mo.App. E.D.2000).

Movant filed a timely Rule 29.15 post-conviction motion. Counsel was appointed and amended Movant's original motion. Movant alleged that trial counsel was ineffective for failing to offer a defense of premises instruction with respect to the unlawful use of a weapon charge. The motion court granted Movant an evidentiary hearing on his motion.

At the evidentiary hearing, Movant's trial counsel testified that she formulated a theory of "defense of property" after consulting with Movant prior to trial. Trial counsel could not recall, however, whether she had submitted an instruction on defense of premises at all. Trial counsel admitted that she had no independent recollection of why she did not submit the instruction as to the unlawful use of a weapon charge.

The motion court denied Movant's Rule 29.15 motion for post-conviction relief after the hearing. The motion court held that Movant did not receive ineffective assistance of counsel with respect to failing to offer the instruction because the testimony from the trial did not support such an instruction. The court stated that the jury could have found that Movant exhibited a weapon at a child or persons in flight from the premises, which would not support the sought after instruction. This appeal follows.

Appellate review of the motion court's ruling is limited to determining whether the findings and conclusions are clearly erroneous. Rule 29.15(k). The motion court's ruling will be found clearly erroneous only if, after review of the entire record, we are left with a definite and firm impression that a mistake has been made. *Morrow v. State*, 21 S.W.3d 819, 822 (Mo. banc 2000). To prove ineffective assistance of counsel, Movant must show by a preponderance of the evidence that trial counsel did not demonstrate the customary skill and diligence that a reasonably competent attorney would display rendering

similar services under the existing circumstances and that he was prejudiced thereby. *State v. Clay*, 975 S.W.2d 121, 135 (Mo. banc 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To demonstrate prejudice, the facts alleged must show a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Morrow*, 21 S.W.3d at 823.

■ Movant's sole point on appeal claims the motion court erred in denying his motion for post-conviction relief because his trial counsel was ineffective for failing to offer a defense of premises instruction with respect to the unlawful use of a weapon charge. Movant claims the evidence supported the offering of the instruction and that he suffered prejudice in that he was acquitted of two other charges where the defense of premises instruction was submitted.

A person commits the crime of unlawful use of a weapon "if he or she knowingly ... [e]xhibits, in the presence of one or more persons, any weapon readily capable of lethal use in an angry or threatening manner." Section 571.030.1(4) RSMo (2000).[1] Section 563.036 sets forth the circumstances under which a person may assert defense of premises. Under Section 563.036.1, "a person in possession or control of premises ... may, subject to the provisions of subsection 2 of this section, use physical force upon another person when and to the extent that he [or she] reasonably believes it necessary to prevent or terminate what [one] reasonably believes to be the commission or attempted commission of the crime of trespass by the other person." Section 563.036.2(2) states a person may use deadly force under circumstances described in subsection 1 only when he or she reasonably believes it necessary to prevent what one reasonably believes to be an attempt by the trespasser to commit arson or burglary upon the dwelling.

■ Both self-defense and defense of premises are defenses of justification. *State v. Dulaney*, 989 S.W.2d 648, 650 (Mo.App. W.D.1999). In Missouri, defense of premises is essentially accelerated self-defense because it authorizes "protective acts to be taken earlier than they otherwise would be authorized, that is, at the time when and place where the intruder is seeking to cross the protective barrier of the house." *Id.*, quoting *State v. Ivicsics*, 604 S.W.2d 773, 777 (Mo.App. E.D.1980). Once an intruder enters the dwelling without resistance, however, the principles of self-defense apply. *State v. Lumpkin*, 850 S.W.2d 388, 392 (Mo.App. W.D.1993). The defendant has the burden of injecting the issue of defense of premises under Section 563.036.3.

■ A defense of premises instruction must be given by the trial court only when there is evidence of attempted unlawful entry and evidence that the lawful occupant reasonably believed: (1) immediate danger of entry existed; (2) the entry was being attempted in order to kill or inflict serious bodily harm to the occupant; and (3) deadly force was required to prevent the entry. *Lumpkin*, 850 S.W.2d at 391. To determine whether a defendant has presented evidence sufficient to inject the issue of defense of premises, it is necessary for him or her to present evidence that under its most favorable construction such evidence supports a finding of defense of premises. *Id.* at 392. "It is not sufficient solely that the defendant believed in his or her own mind that the other person was attempting to enter the premises to commit a burglary; the belief must also be objectively reasonable." *Id.*

1.  All statutory references are to RSMo (2000) unless otherwise indicated.

We agree with the motion court that the testimony did not support the offering of this instruction in relation to the unlawful use of a weapon charge. Even recognizing that Movant's uncle testified that Movant was not supposed to have DeMont living with him, she had been living there for the prior six months. Additionally, the apartment was filled with DeMont's personal belongings which she was attempting to retrieve.

Moreover, Movant's exhibiting of the weapon was not related to the alleged trespass because he used the weapon to keep DeMont, Surdyke and Robin *inside* the apartment after they initially started to leave. He also used the weapon to threaten the women after they left the apartment. There was evidence to support the inference that DeMont was only retrieving her personal belongings from Movant's apartment, but no evidence that any of the items removed were his personal property.

Therefore, Movant's subjective belief, without an evidentiary basis to create a question of fact as to its reasonableness, does not meet the quantum of proof necessary to give a defense of premises instruction. *See Lumpkin*, 850 S.W.2d 388, 392. Since trial counsel cannot be found ineffective for failing to request a lesser-included offense instruction that was not warranted by the evidence, *State v. Holcomb*, 956 S.W.2d 286 (Mo.App. W.D.1997), we find the motion court did not clearly err in holding that Movant did not receive ineffective assistance of counsel.

The judgment of the motion court is affirmed.

MARY R. RUSSELL, J., and MARY K. HOFF, J., concur.