Stanley E. **BOYD**, Plaintiff–Appellant,

v.

Paul K. **DELO**, Defendant–Appellee.

No. 92–3163.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1993.

Decided July 30, 1993.

Rehearing Denied Oct. 22, 1993.

Curtis L. Blood, Collinsville, IL, argued, for plaintiff-appellant.

Ronald L. Jurgeson, Asst. Atty. Gen., Kansas City, MO, argued, for defendant-appellee.

Before JOHN R. GIBSON, LOKEN, and HANSEN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Stanley E. Boyd appeals the district court's[1] denial of his petition for a writ of habeas corpus. Boyd argues that the magistrate judge[2] reviewing his petition erred in dismissing most of Boyd's claims as procedurally barred, and in dismissing the remaining claims on the merits without holding an evidentiary hearing. We affirm.

In 1984, a state jury convicted Boyd of capital murder for killing a robbery victim.

The court sentenced Boyd to life imprisonment without possibility of parole for fifty years. Boyd appealed, and the Missouri Court of Appeals affirmed. *State v. Boyd,* 706 S.W.2d 461 (Mo.Ct.App.1986). Missouri courts later denied Boyd's motions for rehearing, for transfer to the Missouri Supreme Court, and for recall of the mandate.

Boyd filed a pro se motion to vacate or correct his sentence under Missouri Supreme Court Rule 27.26. The court appointed counsel and then denied the motion without an evidentiary hearing. Boyd appealed the denial of a hearing, and the Missouri Court of Appeals affirmed. *Boyd v. State,* 759 S.W.2d 849 (Mo.Ct.App.1988). Again, Boyd sought and failed to obtain rehearing, transfer to the Supreme Court, and recall of the mandate. Boyd then filed a Missouri Supreme Court Rule 91 petition for a state writ of habeas corpus. The Circuit Court of Washington County, the Missouri Court of Appeals, and the Missouri Supreme Court all denied his petition. Several months later, Boyd reapplied for state habeas corpus, and the same three courts denied relief.

Having exhausted his state remedies, Boyd filed a federal habeas corpus petition on July 12, 1991. The district court referred the petition to a magistrate judge. Boyd's habeas corpus petition raised thirteen separate grounds for relief.[3]

The magistrate judge addressed the merits of four claims and rejected them. These

---

1. The Honorable Edward L. Filippine, United States District Judge for the Eastern District of Missouri.

2. The Honorable Catherine D. Perry, United States Magistrate Judge for the Eastern District of Missouri.

3. The magistrate judge described the claims as follows:

> (1a) that the trial court committed plain error in permitting Eric Douglas to testify to his conclusion that petitioner stabbed the victim, as Douglas could see neither the victim nor petitioner;
> (1b) that the prosecutor misinstructed the jury that it need only have a "firm conviction" that petitioner was guilty in order to convict;
> (2) that the trial court committed plain error in refusing to answer questions asked by the jury foreman during jury deliberation ... the

> jury foreman sought clarification on the elements of capital murder;
> (3) that petitioner's trial counsel was ineffective as he failed to object to the testimony of Eric Douglas;
> (4) that petitioner's trial counsel was ineffective as he failed to object when the trial court refused to answer a question propounded by the jury foreman during deliberations;
> (5) that petitioner's trial counsel was ineffective as he failed to object to the prosecutor's improper cross-examination of Stella Boyd;
> (6) that petitioner's trial counsel was ineffective as he failed to investigate, interview, and produce co-defendant Major Boyd as a witness;
> (7) that petitioner's trial counsel was ineffective as he failed to object to the testimony of Dr. Parwatikar regarding prior statements petitioner made;
> (8) that petitioner's trial counsel was ineffective as he failed to object to the testimony of

were claims that: the trial court erred in allowing conclusory testimony by an eyewitness and in not correcting a comment made by the prosecutor in the closing arguments (Claims 1(a) and (b)), the trial court erred in finding Boyd competent (Claim 11), his trial counsel was ineffective in failing to object to certain of the prosecutor's comments on Boyd's other crimes (Claim 12), and his trial counsel was ineffective in failing to object to a hypothetical posed by the prosecutor during voir dire. (Claim 13). The magistrate judge found the other nine of Boyd's claims to be procedurally barred: six of the ineffective assistance of trial counsel claims (Claims 3, 5, 7, 8, 9, 10) were barred because Boyd failed to raise them in the appeal of his Rule 27.26 denial; the claim that the trial court erred in refusing to answer questions submitted by the jury foreman during deliberations (Claim 2) was barred due to Boyd's failure to object contemporaneously to the trial judge's decision; Boyd's claim that his trial counsel was ineffective in failing to object to the trial court's refusal to answer the jury questions (Claim 4) was barred because Boyd failed to raise it in the state post-conviction proceedings; and Boyd's ineffective assistance claim arising from the trial counsel's failure to investigate, interview, or produce Boyd's codefendant as a witness (Claim 6) was barred because the Missouri courts had dismissed it for failure to state a claim. Finally, the magistrate judge rejected Boyd's motion for an evidentiary hearing, concluding that a hearing would shed no additional light on the already voluminous record. The district court adopted the magistrate judge's memorandum and order, and dismissed Boyd's petition. *Boyd v. Delo*, No. 91–1428–C(2) (E.D.Mo. July 31, 1992).

On appeal, Boyd argues that the magistrate judge erred in concluding that the ineffective assistance claims were procedurally barred, and in dismissing claims eleven, twelve, and thirteen on the merits without holding an evidentiary hearing.[4]

## I.

■ Boyd first argues his claims of ineffective trial counsel (Claims 3, 5, 7, 8, 9, 10) are not procedurally barred because he actually raised them in state court. Boyd in fact raised these claims in his pro se Rule 27.26 motion, and subsequently his appointed counsel included them in his amended motion. His counsel, however, abandoned these claims on the appeal of the Rule 27.26 decision.

The magistrate judge correctly held that failure to preserve these claims on appeal of the state court ruling raised a procedural bar to pursuing them in federal court. *See Gilmore v. Armontrout*, 861 F.2d 1061, 1065 (8th Cir.1988), *cert. denied*, 490 U.S. 1114, 109 S.Ct. 3176, 104 L.Ed.2d 1037 (1989), and *Stokes v. Armontrout*, 851 F.2d 1085, 1092– 93 (8th Cir.1988), *cert. denied*, 488 U.S. 1019, 109 S.Ct. 823, 102 L.Ed.2d 812 (1989). Boyd does not dispute this portion of the magistrate's ruling.

■ Boyd can overcome this procedural default only if he demonstrates cause for the default and actual prejudice resulting from the abandonment of the claims. *See Stokes*, 851 F.2d at 1092. The magistrate judge held that the ineffectiveness of Boyd's Rule 27.26 appellate counsel cannot constitute cause for the procedural default, and Boyd disputes this, arguing that the holding of *Coleman v. Thompson*, —— U.S. ——, 111 S.Ct. 2546, 115

Dr. Parwatikar regarding petitioner's premeditation and intent;
(9) that petitioner's trial counsel was ineffective as he failed to conduct adequate pretrial investigation for the purpose of impeaching Eric Douglas; and
(10) that petitioner's trial counsel was ineffective as he failed to allow petitioner to testify on his own behalf.

. . . . .

(11) that the trial and appellate courts erred in finding petitioner competent to stand trial;
(12) that petitioner's trial counsel was ineffective as he failed to object to statements made

by the prosecuting attorney regarding crimes other than the one for which petitioner was being tried; and
(13) that petitioner's trial counsel was ineffective as he failed to object to a hypothetical raised by the prosecution at voir dire.
*Boyd v. Delo*, No. 91–1428–C(2), slip op. at 3–4 (E.D.Mo. Feb. 11, 1992) (magistrate judge's order and recommendation).

4. In his pro se brief, Boyd raises arguments amplifying those presented in his counsel's brief and makes additional arguments of his own.

L.Ed.2d 640 (1991), only applied to defaults in the course of a direct appeal, not an appeal of a post-conviction motion.

Boyd completely misreads *Coleman v. Thompson*. *Coleman* involved procedural default arising not from ineffective assistance of counsel during the direct appeal, but from counsel's failure to file a timely notice of appeal from the denial of collateral relief. *See* —— U.S. at —— –——, 111 S.Ct. at 2552–53. *Coleman* directly addresses the situation before us now. In *Coleman*, the Court concluded that because there is no constitutional right to counsel in state collateral proceedings after exhaustion of direct appellate review (and thus no basis upon which to claim constitutionally ineffective assistance of counsel in such proceedings), no attorney error that led to procedural default can constitute cause to excuse that default. *Id.* at —— –——, 111 S.Ct. at 2566–68. The magistrate judge correctly held the claims to be procedurally barred.[5]

## II.

 Boyd next argues that the magistrate judge erred in denying claims eleven, twelve, and thirteen without holding an evidentiary hearing.[6] The magistrate judge found that these claims were not subject to procedural default and addressed them on the merits. Claim eleven disputed the trial court's finding that Boyd was competent to stand trial. The magistrate judge correctly recited the legal standard for competency and recognized that the state courts had already addressed, on several occasions, the factual issue of Boyd's competency to stand trial. The magistrate judge found in the record then before her substantial evidence supporting the state court findings of competence, and thus the magistrate judge properly deferred to those state court findings. *See Wright v. Minnesota*, 833 F.2d 746, 748–49 (8th Cir.

1987), *cert. denied*, 485 U.S. 1011, 108 S.Ct. 1481, 99 L.Ed.2d 709 (1988). Therefore, the magistrate judge resolved the dispute on the basis of the record and did not err in rejecting claim eleven without an evidentiary hearing. *See Hill v. Lockhart*, 731 F.2d 568, 572–73 (8th Cir.1984), *aff'd by an equally divided court*, 764 F.2d 1279 (8th Cir.), *aff'd*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

 Claims twelve and thirteen alleged that Boyd's trial counsel was ineffective for failing to object to certain comments by the prosecutor and to a hypothetical question during voir dire. The magistrate judge dismissed the claims, ruling that even if Boyd could meet the "cause" component of the *Strickland* test for ineffective assistance of counsel, Boyd had not demonstrated any prejudice arising from his counsel's failure to object. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The magistrate judge also specifically recognized that the jury instructions negated any prejudicial effect arising from the claim thirteen issue. Even on appeal, Boyd's claims of prejudice do not rise above the vague and conclusory. There is no requirement for an evidentiary hearing in such circumstances. *See Amos v. Minnesota*, 849 F.2d 1070, 1072 (8th Cir.), *cert. denied*, 488 U.S. 861, 109 S.Ct. 159, 102 L.Ed.2d 130 (1988).

We have reviewed the other arguments presented in Boyd's pro se brief, including his arguments that the magistrate judge erred in dismissing claims one and six. We find all of these arguments to be without merit.

We affirm the order of the district court.

---

5. We have also examined and reject the contention in Boyd's pro se brief that the Rule 27.26 court's refusal to examine his pro se motion after his counsel had filed an amended motion was an "objective factor, external to the defense" which caused the procedural default. *See Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2639, 91 L.Ed.2d 397 (1986).

6. Having upheld the magistrate judge's ruling that Boyd's claims two through ten are procedur-

ally barred, we conclude that Boyd has no right to an evidentiary hearing for any of those claims. *See Keeney v. Tamayo–Reyes*, —— U.S. ——, ——, 112 S.Ct. 1715, 1721, 118 L.Ed.2d 318 (1992) (adopting a cause and prejudice standard for right to evidentiary hearing); *McCleskey v. Zant*, 499 U.S. 467, ——, 111 S.Ct. 1454, 1470, 113 L.Ed.2d 517 (1991) (no evidentiary hearing if cause and prejudice standard not met as a matter of law).