24 F.3d 242
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Cassie Lee TATE, Appellant,
v.
Bill ARMONTROUT, Appellee.
 No. 93-2784EM.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 15, 1994.
Filed: May 5, 1994.
 
 Before FAGG, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 A Missouri jury convicted Cassie Lee Tate of second-degree murder after the trial court excluded evidence that Tate was voluntarily intoxicated when he shot a man. The trial court based the exclusion on a statute holding intoxicated persons criminally responsible for their conduct unless the intoxication was involuntary. See Mo. Rev. Stat. Sec. 562.076.1 (1986). After exhausting his state postconviction remedies, Tate filed a pro se 28 U.S.C. Sec. 2254 habeas petition claiming his trial counsel was ineffective in failing to object to the exclusion of the intoxication evidence because the statute violated his due process rights. The district court denied Tate's petition and Tate appeals.
 
 
 2
 We conclude the district court properly denied Tate's petition. Federal habeas review of Tate's ineffective assistance claim is procedurally barred because Tate has not asserted cause and actual prejudice to excuse his failure to preserve the issue on appeal of his postconviction motion. Boyd v. Delo, 999 F.2d 1286, 1288 (8th Cir. 1993). Tate's contention that his ineffective assistance claim is not defaulted because he raised it in his direct appeal is without merit. See State v. Tate, 733 S.W.2d 45 (Mo. Ct. App. 1987). Federal habeas review of Tate's due process claim is also procedurally barred because Tate has not asserted cause and actual prejudice to overcome his failure to make an offer of proof in state court supporting his claim of voluntary intoxication during the shooting. See Bolder v. Armontrout, 921 F.2d 1359, 1363-64 (8th Cir. 1990) (failure to offer factual support in state court for underlying claim is procedural bar to federal habeas petition), cert. denied, 112 S. Ct. 154 (1991).
 
 
 3
 Accordingly, we affirm.